STURGIS, Judge.
On a former appearance of this cause (Koplin v. Bennett, Fla.App., 15S So.2d 568) we reversed a summary final decree granting specific performance of a purchase agreement involving real property, which agreement was contingent upon the exercise by appellee, plaintiff below, on or before June 20, 1962, of an option to purchase in accordance with the terms and conditions contained therein. Our mandate remanded the cause for further proceedings according to law.
The instant appeal is taken to review a second final decree granting the same relief, entered pursuant to the remand. The parties will be referred to according to their relation in the court below.
The complaint charged that the defendants failed and refused to convey to plaintiff, in accordance with the terms of the subject contract, real property which the plaintiff had the option to purchase, which option had been duly exercised. On that premise plaintiff prayed for specific performance of said contract, entered into on June 20, 1961, which provided, inter alia, that the privilege of purchasing should be exercised on or before the 20th day of *248 June, A.D. 1962, and that the plaintiff-optionee should thereupon pay to the defendant-optionors, as the purchase price of the subject property, $10,000.00 in cash or by the assignment to defendants by plaintiff’s mother, Mrs. Elmo B. Bennett, a widow, of her interest in a certain mortgage given by defendants to Mrs. Bennett and others, plus any difference in cash of the amount required to make up the total of $10,000.00, and specified that said cash payment should be made and securities delivered on or before the 20th day of June, A.D. 1962, “to LEE E. KOPLIN and wife, CAROL L. KOPLIN.” It was further provided that in the event the option to purchase was not exercised and the conditions of the contract fully performed by plaintiff and written notice of the exercise of the option and performance of its terms “given by June 20, 1962, to said LEE E. KOPLIN and wife, CAROL L. KOPLIN on or before the 20th day of June, 1962 said privilege [to purchase] shall thereupon wholly cease.”
Defendants’ answer admitted the execution of said option agreement but denied that plaintiff had complied with the terms and conditions thereof in that: (1) plaintiff did not tender to defendants the cash payments required or an assignment of the Elmo B. Bennett mortgage; (2) did not exercise the option to purchase by delivering any securities or making any cash payment to defendants on or before June 20, 1962, as provided by the option agreement; and (3) said option agreement was not supported by any lawful consideration.
The defendants contend on this appeal that there is no competent substantial evidence that the contract sued on is supported by any lawful consideration or that the plaintiff exercised the option to purchase in accordance with the terms and conditions thereof. The plaintiff rejects these contentions and takes the independent position that, assuming the absence of lawful consideration, the evidence nevertheless demonstrates that there was a valid continuing offer on the part of defendants to sell and acceptance thereof by plaintiff, resulting in a contract enforceable by specific performance as decreed herein.
The facts are not in material dispute. The property in question is a small triangular parcel of land lying to the south (or Gulf side) of U. S. Highway 98 in the Panama City Beach area of Bay County. Nearby and on the south side of the highway, but not contiguous, is the Reef Motel property owned by a partnership composed of the plaintiff, his mother, and his brother. The land between the motel and the parcel in question is owned by the County.
The parcel in question is part of a larger tract, the bulk of which lies north of U.S. 98, which defendants acquired by purchase in June 1961. Prior thereto it was part of a decedent’s estate from which an undivided l^th interest devolved upon the plaintiff’s mother and the other %ths to heirs other than the plaintiff, who had no vested interest in the land. Said owners listed the entire tract for sale with one William M. Parker, a real estate broker, who in late 1960 and early 1961 negotiated with defendants for its purchase, culminating in a deed from the heirs to the defendants in June 1961.
In March 1961, at approximately the time of the execution of a written agreement by plaintiff’s mother and the other heirs to sell the whole tract to the defendants, defendants gave a one-year option agreement to plaintiff covering the subject parcel. At this point a delay resulted when two of the heirs (other than plaintiff’s mother) objected to going through with their agreements to sell their interests, but this was amicably settled and the sale to defendants proceeded to closing in June 1961. The second option agreement, involved on this suit, was given on June 20, 1961, contemporaneous with the closing of the purchase transaction between said owners and the defendants.
On June 18, 1962, two days before the second option was to expire, the plaintiff delivered to defendants a letter purporting *249 to notify them that he elected to exercise the option to purchase “dated June 20, 1962,” and stated that his understanding of the agreement was that he might pay the purchase price by satisfying the herein-above mentioned mortgage interest of Mrs. Elmo B. Bennett. The letter advised that according to plaintiff’s calculations the sum of $285.10 was required to make up the difference between defendants’ mortgage debt and the $10,000.00 purchase price, that he had deposited a check for that amount with Parker (the realtor) as escrow agent, together with a full satisfaction of said mortgage interest, and that all that remained to be done was for defendants to execute a deed to the property.
On June 19, 1962, the day following delivery of said letter, plaintiff’s mother actually delivered to Parker the check and securities referred to in the letter. The record does not reflect that defendants did anything to indicate acceptance or rejection of plaintiff’s election to exercise said option in the form in which it was made, nor did they advise plaintiff of any particulars in which the election failed to meet the terms and conditions of the option agreement ; but following the date fixed for the expiration of the option to purchase (June 20, 1962) they refused to convey the property to plaintiff.
The agreement recites a consideration of $10.00 but it was established that no monetary consideration was actually paid therefor. The chancellor found, however, that there was an actual consideration supporting the agreement and that the plaintiff, a practicing attorney, acted as his mother’s attorney or agent throughout the entire matter. Defendants, on the other hand, in their dealings with plaintiff and his mother treated them as separate entities and maintained that they extended the option to purchase to plaintiff, at his request, through Parker, upon his representation that he wished to work out a trade with the County for the property lying between that in question and the Reef Motel property. According to defendants, the first option, given in March 1961, was given after plaintiff’s mother had already agreed to sell her %th interest to defendants. According to plaintiff, the first option was acquired as a condition precedent to • his mother’s agreement to sell to defendants the land involved in this suit, and the second option (in suit) was acquired as a condition precedent to his mother’s going through with the agreement to sell said land. The court found that as an over-all condition to Mrs Bennett’s agreement to sell, the defendants were required to allow her son, the plaintiff, an option to repurchase the parcel in suit for a period of one year following the sale.
The decree appealed contains findings of fact to the effect that the sale by Mrs. Bennett to defendants of her undivided interest in the subject property was always dependent upon the agreement of the defendants to contemporaneous with closing give to plaintiff an option for a period of one year to purchase the subject property and that the agreement sued on simply carries out that requirement and is therefore supported by a lawful consideration. In the language of the decree, the chancellor found that “it is abundantly clear from the testimony of Mr. Parker [the real estate agent], the Plaintiff, Mrs. Bennett [plaintiff’s mother] and Donald F. Bennett [plaintiff’s brother, who with the plaintiff and his mother were owners of the Reef Motel] that the acquisition of this small, triangular parcel was the fulcrum upon which the sale of Mrs. Bennett’s undivided one-sixth interest was to turn * * that Defendants had no objection to giving to Plaintiff, acting as agent for his mother, a one year’s option from the date the sale was consummated to purchase the small triangular parcel.” The chancellor also found that the entire transaction between plaintiff and defendants was a contemporaneous transaction and that although the plaintiff intended to use the land “to straighten up his boundary at the opposite end of the Bay County Park, * * * [the] testimony and the exhibits clearly *250 indicate that this was not a condition precedent to the exercise of the option.”
 It is axiomatic that this court will not substitute its conclusions upon the evidence for those of the trier of fact. We have carefully reviewed the evidence and the findings of the trial court upon which the decree appealed is based and find that the same is supported by competent substantial evidence. Accordingly, the decree appealed should be and it is
Affirmed.
WIGGINTON, Acting C. J., concurs.
JOHNSON, J., dissents.