PER CURIAM.
These consolidated appeals are from an interlocutory order and two final judgments. The appellants in each instance are Jose Antonio LaGuardia, Amparo LaGuar-dia and Orlando Garcia. They were the intended purchasers under a contract for the purchase of a residence from Antonio Perez and Ramona Perez. The appeals are as follows: (1) from an interlocutory order enjoining the plaintiffs LaGuardia and the plaintiff Garcia from interfering with an appraisal of the property, (2) from a final judgment for Pedro Moreno, the plaintiff in a specific performance suit against the defendants Perez, and (3) from a final judgment for the defendants Perez in a specific performance suit by the plaintiffs, appellants here, LaGuardia.
The LaGuardias’ troubles began when they signed a deposit receipt contract to purchase the residence on which there was then outstanding a prior deposit receipt contract. The LaGuardias’ contract contained the following condition:
sfc * * * ¡k sfc
“All of the Purchasers understand and are aware that the Sellers have previously entered into a Deposit Receipt Contract dated September 11, 1972, in which one Pedro Pascual Moreno was the Purchaser. All of the Buyers further understand that the Sellers have declared the aforementioned Deposit Receipt Contract null and void and of no effect whatsoever, but that in the event that the Sellers are compelled to perform under the terms of the aforementioned Deposit Receipt Contract by Court order, then this contract shall be declared null and void and of no effect whatsoever and all monies deposited hereunder shall be returned to the Purchasers.”
The LaGuardias went into possession but paid a stipulated rent pending developments including the payment of the full deposit required. Moreno began his suit for the specific performance of his prior contract. The LaGuardias brought a specific performance suit to enforce their contract and the two suits were consolidated for trial proceedings.
The burden of these appeals is the La-Guardias’ contention that the trial court erred in finding that the contract between Moreno and Perez was valid and enforceable, thereby eliminating the equities of the appellants. The LaGuardias also urge that they did not receive a trial of their equitable claims. Our examination of the record convinces us that the trial court’s determination that Moreno’s prior contract was valid and enforceable is supported by sufficient evidence to sustain his finding on appeal. See Koplin v. Bennett, 182 So.2d 247 (Fla.1st DCA 1966). This fact having been determined, the LaGuardias’ contract was not enforceable by its own terms.
Affirmed.