473 So.2d 1384 (1985)
DON L. TULLIS and ASSOCIATES, Inc., a Florida Corporation, et al., Appellant,
v.
Gary P. BENGE, Appellee.
No. BA-117.
District Court of Appeal of Florida, First District.
August 20, 1985.
*1385 Julian Clarkson of Holland & Knight, Tallahassee, for appellant.
Walter R. Stedeford, Jacksonville, for appellee.
MILLS, Judge.
This is an appeal from an order requiring specific performance of a settlement agreement entered into by the parties in a prior suit. We affirm.
In May 1981, Benge brought suit against his former employer, Tullis. Shortly before the trial scheduled for November 1982 and after extensive pretrial discovery, the parties entered into a settlement agreement and dismissed the suit.
The issue important to this appeal is the calculation used to figure each party's portion of the net income from insurance accounts on electronic pagers (beepers).
The settlement agreement required, in essence, the parties to merge the pager account of Tullis' agency with that of Benge's new agency. This merger was to be executed in a formal document calling for, among other things, 50-50 ownership, and the division of the net income from the merged account after deducting all prudent operating, sales and other business expenses. The parties were required to execute an employment agreement incorporating a buy-sell option for all Benge's accounts  except pager  upon his termination of this new employment agreement. The settlement agreement also called for dismissal of the suit, payment of attorney's fees and an accounting by arbitrators which were accomplished and are not in dispute.
By January 1983, the employment agreement and merger document required by the settlement were not executed and Benge filed this suit for specific performance. Prior to the suit, letters had been exchanged contemplating Benge's purchase of the pager accounts but that sale was never consummated. Pretrial hearings and conferences resulted in rulings that the agreement was severable, was still in force and effect, but that the employment agreement portion was unenforceable due to a lack of terms.
At the trial of this suit, the jury found the agreement, minus the employment provisions, contained all essential terms and was capable of enforcement. It found Benge able to merge. The trial court ordered specific performance of the merger according to the agreement: 50-50 ownership with net income distributed after deducting all prudent expenses.
Tullis appeals from the order of specific performance urging four reasons the agreement is unenforceable. (1) It is merely an agreement to agree since it requires subsequent documentation and the definition of "prudent" remains unagreed to. (2) The letter contemplating the sale of the accounts was a novation making the original agreement unenforceable. (3) The agreement is indivisible and nonenforcement of the employment provisions renders the entire contract unenforceable. (4) There is no mutuality of remedy since Benge no longer sells pager insurance, and the contract calls for merger between East Coast Underwriters (Benge's new agency) which is not party to the suit and therefore *1386 not bound by the agreement. We do not agree with any of these arguments and affirm the trial judge's order.
Gaines v. Nortrust Realty Management, Inc., 422 So.2d 1037 (Fla. 3d DCA 1982), points out that settlement agreements are to be interpreted and governed by the law of contracts. To be enforced, the agreement must be sufficiently specific and mutually agreeable on every essential element. Tullis says that the definition of "prudent operating expenses" is an essential element and its being undefined is fatal to the agreement's enforceability.
In this case both parties knowingly, thoughtfully and deliberately entered this agreement. They were represented by attorneys with many years experience and, indeed, with years of experience in the dispute between these two parties. The parties had undergone binding arbitration on the issue of overhead expenses on the pager accounts by the time the question of enforceability went to the jury.
"Where the chancellor in a suit for specific performance makes findings of facts which are amply supported by the record on appeal, his judgment based upon such findings of fact and upon other equities in the case will be affirmed on appeal." Koplin v. Bennett, 182 So.2d 247 (Fla. 1st DCA 1966), cert. den. 192 So.2d 487 (Fla. 1966).
The Supreme Court of Florida recently reiterated that it has consistently used an objective test to determine whether a contract is enforceable. "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs  not on the parties having meant the same thing but on their having said the same thing." Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985), quoting Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla. 1957). This objective test is met by the facts of this case.
Tullis' novation argument fails because it is well established that a novation ordinarily contains a stipulation to extinguish the old agreement and its existence is controlled by the intention of the parties. Taines v. Capital City First National Bank, 344 So.2d 273, 276 (Fla. 1st DCA 1977). A failed attempt to buy the pager account, making no reference to the settlement agreement, cannot be construed as a novation absent some other indication of intent of the parties to replace the former agreement. There is no such indication in this record.
Tullis' severability argument fails because whether a contract is entire or divisible depends on the intention of the parties. Intention may be determined by fair construction of the terms of the contract itself and by subject matter to which it has reference, Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla. 1953).
This contract contained four different completion dates for four separate components, some of which were accomplished immediately upon agreement. The dismissal of the case and arbitration portions were not contingent on and were divisible from the other provisions. The judge was very familiar with the parties, issues and negotiations as he was the judge assigned to both suits. The judge's interpretation that the agreement was severable comports with the reason, probability and the practical aspect of transactions between the parties, Biltmore Systems, Inc. v. Mai Kai, Inc., 413 So.2d 458 (Fla. 4th DCA 1982).
The nonmutuality of remedy argument also fails. Benge's ability to merge is a factual one and was answered affirmatively by the jury. There is no question that Benge's cessation of the sale of pager insurance doesn't bar enforcement of the agreement; he has been depositing funds from his accounts into the registry of the court since ordered to in June 1983.
The agreement signed by the parties specifically called for merger between East Coast and Tullis' accounts so the argument that East Coast (Benge) is not bound also fails.
There being no infirmity in the trial judge's construction of this agreement, and there being no legal bar to its enforcement *1387 by specific performance, the order of the lower court is affirmed.
SMITH and THOMPSON, JJ., concur.