BASKIN, Judge.
Modern Health Care Services, Inc. [MHCS] appeals a final judgment. We reverse.
The facts of this case are set out sufficiently in our previous opinion, Modern Health Care Servs., Inc. v. Drewry, 526 So.2d 979 (Fla. 3d DCA 1988), in which we reversed a final summary judgment entered against MHCS. Upon remand, the parties stipulated to a trial based on their written memoranda. After considering the parties’ contentions, the trial court entered final judgment against MHCS finding that the Florida Patient’s Compensation Fund [Fund] had not agreed to pay the MHCS bill for hospital services. MHCS appeals.
The settlement agreement entered by the Drewrys and the Fund provides:
X. NORTH MIAMI GENERAL HOSPITAL, INC.[1] INVOICE
The parties are aware that North Miami General Hospital, Inc. is making a claim for the balance of its hospital bill in connection with the services rendered ANTHONY DREWRY following the alleged malpractice committed by North Miami General Hospital, Inc. and its agents, servants, and employees....
In no event shall ANTHONY DREW-RY, SHIRLEY W. DREWRY, or DAVID E. DREWRY, or any other guardian or representative of ANTHONY DREWRY, be responsible for this bill. [The Fund] shall hold ANTHONY DREWRY, SHIRLEY W. DREWRY, DAVID E. DREW-RY, Alan Goldfarb, Esq., Alan Goldfarb, P.A., its agents, representatives, servants and employees, harmless from any and all liability in connection with this sum. [The Fund] shall pay all claims, expenses, costs, and attorneys’ fees incurred by the DREWRYS in connection with this invoice. [The Fund] shall fully indemnify DREWRY in connection with such claim. (Emphasis supplied.)
Settlement agreements are interpreted and governed by the principles of contract law. Gaines v. Nortrust Realty Management, Inc., 422 So.2d 1037 (Fla. 3d DCA 1982); J. Allen, Inc. v. Castle Floor Covering, Inc., 543 So.2d 249 (Fla. 2d DCA 1989); Don L. Tullis & Assoc., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985). “[I]n construing a contract, a court adopts the usual and ordinary meaning of words and phrases.” Miami Nat’l Bank v. Fink, 174 So.2d 38, 40 (Fla. 3d DCA), cert. denied, 180 So.2d 658 (Fla.1965). The language in the settlement agreement expresses the Fund’s awareness of the outstanding MHCS bill, and agreement to pay the bill. The trial court’s construction is not supported by the ordinary meaning of the agreement or the testimony of the parties. Thus, we reverse *1127 and remand with instructions to the trial court to enter judgment in favor of MHCS.
Remaining points lack merit.
Reversed and remanded with instructions.

. MHCS operates a facility called North Miami General Hospital and was formerly known as North Miami General Hospital, Inc.