GOSHORN, Chief Judge.
Kenneth and Angela Sinclair appeal an order enforcing a settlement agreement, urging that it was error to require them to sign an easement which contained terms and conditions not agreed to in the mediated settlement agreement. We agree and reverse.
The Sinclairs sued Clay Electric Cooperative, Inc. (Clay) alleging that Clay had constructed power lines across the Sinclairs’ property without permission and without the benefit of an easement. Subsequently the parties entered into a settlement agreement, pursuant to court ordered mediation, whereby Clay agreed to relocate its electric power line and pay the Sinclairs $5,000 plus attorney’s fees in return for an easement over the Sinclairs’ property. Thereafter, Clay provided a form easement agreement for the Sinclairs’ signature. The Sinclairs refused to sign the tendered grant of easement because it did not conform to the settlement agreement entered into by the parties. Specifically, the Sinclairs contend the legal description varied significantly from the parties’ settlement agreement and, further, the easement contained material provisions not agreed to in the settlement agreement.
Clay moved the trial court for enforcement of the settlement agreement and the cause was noticed for hearing for August 10, 1990. The Sinclairs moved for a continuance and noticed the continuance hearing for August 2, 1990. The Sinclairs did not personally appear at the August 2nd hearing but were represented by their counsel. The trial court denied the continuance and, rather than waiting for the scheduled August 10th hearing, proceeded to rule on Clay’s motion to enforce the settlement agreement. The record does not reflect that the Sinclairs’ attorney agreed to this procedure. The Sinclairs were never given an opportunity to be heard in person or to present testimony or other evidence regarding Clay’s motion to enforce. At the conclusion of the August 2nd hearing, the court entered an order requiring the Sin-clairs to execute Clay’s easement within 15 days; otherwise, the easement would be deemed self-executing.
Initially, the Sinclairs contend that the legal description contained in the easement is at variance with the description in the settlement agreement. After examining both legal descriptions, we agree that one cannot compare the two and determine, as a matter of law, without receiving evidence, they describe the same property.
Additionally, the proposed easement contained four express provisions not provided in the mediated settlement agreement, to wit: 1) the right to cut, trim and control the growth of trees and shrubberies by chemical means, machinery or otherwise; 2) the right to keep the easement clear of all buildings, structures or other obstructions; 3) the right to license or permit the joint use of the system, or related underground facilities by any other person; and 4) the right to enter upon and use other lands of the Sinclairs to provide access to the easement.
The mediated settlement agreement only requires the Sinclairs to convey to Clay an electric utility easement. This is a limited grant of an easement,[1] and while it carries with it, by implication, the right to do what is reasonably necessary for the full enjoyment of the easement, Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla.1954); Reiger v. Anchor Post Products, Inc., 210 So.2d 283 (Fla. 3d DCA 1968), the easement is restricted to the purposes for which it was granted. The owner of an easement may not unduly burden the servient estate, Lamb v. Dade County, 159 So.2d 477 (Fla. 3d DCA), cert. denied, 166 So.2d 754 (Fla.1964) and the owner of the servient estate retains the right to use his land in any manner not inconsistent with the easement.
Whether it is reasonable to control growth of trees and shrubbery within the easement by chemicals or machinery depends upon the nature and extent of those chemicals and perhaps the type or size of *1067 the machinery. Likewise the right of the landowner to use the easement property for buildings and other structures depends upon the extent of the structure and whether or not it interferes with the use of the easement granted. All of these are factual matters to be determined by evidence. Also it is clear that the Sinclairs did not agree to the assignment of the easement or the joint use of it by entities not a party to the agreement. They did not agree to the entry upon or use of their unburdened land to provide access to Clay’s easement. The record does not affirmatively show this access is required to service and maintain the easement. If it is in fact needed, it should have been addressed in the settlement agreement. Because the Sinclairs did not agree to these conditions in the mediated settlement agreement, they should not have been forced by the trial court to sign the easement in the absence of an evidentiary hearing and a determination that the proposed conditions are reasonably necessary to Clay’s enjoyment of its easement.
For all of these reasons the order of the trial court requiring the Sinclairs to sign the easement agreement proposed by Clay is reversed and this cause remanded to the trial court to enforce the settlement in strict accordance with its terms.
REVERSED and REMANDED.
W. SHARP and COWART, JJ., concur.

. See generally Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla.1969).