834 So.2d 295 (2002)
Robert SPIEGEL, Appellant,
v.
H. ALLEN HOLMES, INC., a Florida Corporation and H. Allen Holmes, individually, Appellee.
Nos. 4D02-152, 4D02-467.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
Rehearing Denied January 31, 2003.
*296 Steven M. Selz of Law Offices of Selz & Muvdi Selz, P.A., Palm Beach, for appellant.
John L. Avery, Jr. of Law Offices of John L. Avery, Jr., Jupiter, for appellee.
MAY, J.
A trial court's ability to enforce a settlement is questioned as the plaintiff appeals an order that enforced a settlement agreement against him. The plaintiff has raised four issues and the defendant/counter-claimant has cross-appealed. We affirm on all issues but one in the direct appeal, and reverse on the attorney's fees issue raised in the cross-appeal.
The plaintiff, a homeowner, filed suit against the defendant, alleging claims for breach of contract, breach of warranty, and fraud in the inducement concerning an agreement for the provision of decorating services. The defendant counter-claimed for breach of contract, account stated, and foreclosure of a mechanic's lien.
The case proceeded to a non-jury trial. At the close of the first day of testimony, the parties met in an attempt to resolve their dispute. After negotiating a deal, the parties' attorneys left to prepare the written settlement agreement.
The next day, both lawyers advised the court's judicial assistant that a settlement had been reached and that a written settlement agreement was being prepared and would be filed. On the same day, the plaintiff's lawyer drafted two documents, a stipulation for settlement and a confidential settlement agreement. He forwarded them to the defendant's attorney.
Both attorneys signed the stipulation for settlement. The stipulation provided that upon complete performance of the agreement's terms, each party would file "a dismissal with prejudice of all claims and counterclaims, pled or which may have been pled in the action and shall further exchange general releases." Paragraph 3 provided for attorneys fees and court costs incurred in the enforcement of the settlement agreement. And, paragraph 5 provided for the trial court to
retain jurisdiction for purposes of enforcing the terms and conditions of this Stipulation and of the Agreement and for that purpose further agree that the terms of this Stipulation shall be deemed an Order of this Court. To effectuate same, the parties shall submit an agreed order providing that this Court shall retain jurisdiction in this matter for purposes of enforcement.
The confidential settlement agreement was signed by the plaintiff's counsel, the defendant, and his attorney. Although the plaintiff did not sign the confidential settlement agreement, on the same date he prepared and signed a check made payable to the trust account of John L. Avery, Jr. *297 P.A. (defendant's counsel) in the amount of $13,250.00, the amount agreed to in settlement of the dispute. Plaintiff's counsel retained the original check, but delivered a copy to the defendant's counsel. When the defendant's counsel called about the original check, plaintiff's counsel advised him that the plaintiff wanted certain window screens, which he was paying for in the settlement, but had not received.
When the check did not arrive, the defendant moved to compel enforcement of the settlement agreement. As no written settlement agreement had been filed with the court, the trial judge sent the parties to mediation. It was unsuccessful. The trial court then held a hearing on the defendant's motion to compel settlement, at which only the attorneys testified.
The court granted the defendant's motion, and ordered the plaintiff to pay the defendant $13,250.00 within five (5) days. It further directed the parties to file dismissals of their respective claims with prejudice. The order did not retain jurisdiction for enforcement of the terms of the confidential settlement agreement and did not include all of its terms. The court denied the defendant's request for attorney's fees.
Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc., 704 So.2d 669, 673 (Fla. 1st DCA 1997). They are interpreted and governed by the law of contracts. Williams v. Ingram, 605 So.2d 890 (Fla. 1st DCA 1992). The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement. Carroll v. Carroll, 532 So.2d 1109 (Fla. 4th DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989).
To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. Don L. Tullis and Assoc., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. A client's express authority given to his attorney to settle a cause of action must be clear and unequivocal. See Jorgensen v. Grand Union Co., 490 So.2d 214 (Fla. 4th DCA 1986). However, "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signsnot on the parties having meant the same thing but on their having said the same thing." Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So.2d 404, 407 (Fla.1974)(quoting Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957)).
A trial court's finding that there was a meeting of the minds must be supported by competent substantial evidence. Long Term Mgmt. When that evidence exists, this court will affirm. A review of this record reveals that it contains competent substantial evidence to support the trial court's determination that the parties entered into an enforceable settlement agreement. We therefore affirm the trial court's decision to enforce the settlement.
We reverse the order, however, to the extent that it failed to mirror the terms of the actual settlement agreement. See Sinclair v. Clay Elec. Co-op., Inc., 584 So.2d 1065 (Fla. 5th DCA 1991)(error to include in an order enforcing settlement agreement terms and conditions not included in the agreement). The order requires payment by the plaintiff within five (5) days and directs the parties to file dismissals with prejudice. The confidential settlement agreement, however, required *298 the execution of mutual releases, and included additional terms absent from the court's order. We therefore reverse the order as written and remand the case for entry of an order that directs the parties to comply with the terms of the settlement agreement.
With regard to the cross-appeal, we also reverse that part of the order denying the defendant's motion for attorney's fees. The stipulation specifically provided that "[e]ach party shall bear their own attorney's fees and court costs in this matter, excepting therefrom such attorneys fees and court costs incurred in the enforcement of the Agreement." As the defendant was forced to file a motion to compel and participate in an evidentiary hearing to enforce the settlement agreement, it is entitled to attorney's fees.
The order is therefore affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion.
STONE, and HAZOURI, JJ., concur.