962 So.2d 987 (2007)
Frank C. BLUNT, Ann Wentworth Blunt, Gavin Blunt, Cayman Reinsurance Group, A Foreign Corporation, CRG Advisors, Ltd., and Wentworth Capital, Ltd., Appellants,
v.
TRIPP SCOTT, P.A., Appellee.
No. 4D05-4833.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
*988 David L. Ferguson of the Hodkin Kopelowitz Ostrow Firm, P.A., Fort Lauderdale, for appellants.
Lisa D. MacClugage of Tripp Scott, P.A., Fort Lauderdale, for appellee.
WARNER, J.
The trial court entered a final judgment enforcing an oral settlement agreement. Appellants contend that appellant Frank Blunt had no authority to agree to a settlement on behalf of the other appellants, and no meeting of the minds occurred with respect to the terms of the settlement. We agree with both contentions and reverse.
Appellee, Tripp Scott, P.A., entered into a retainer agreement to represent Frank Blunt, Jr., Ann Wentworth Blunt, Gavin Blunt, and three corporations in federal securities litigation. The agreement, however, was signed only by Frank Blunt. Ann Blunt is Frank Blunt's wife, and Gavin Blunt is Frank's adult son, living in Chicago. Sometime during the securities litigation, Frank sent Tripp Scott a letter terminating its services.
Tripp Scott then filed the present suit against all appellants for unpaid fees and included a count for quantum meruit and unjust enrichment against all defendants, as Gavin complained that he was not liable for fees under the retainer agreement because he never signed it. Frank filed an answer, alleging he was answering for all defendants even though Frank is not an attorney. During the litigation, however, Gavin filed motions and responses pro se, and Frank and Ann filed their own pleadings, each signing them individually. Tripp Scott served all of its pleadings, notices, and discovery requests on Gavin, individually, and the filings in the record indicate that Tripp Scott dealt with Gavin separate and apart from Frank. Appellants eventually retained counsel to act on behalf of all of the appellants, but it appears that counsel withdrew sometime before the alleged settlement agreement in this case.
At a hearing regarding discovery matters, Frank and Peter Herman of Tripp Scott had settlement discussions in the hallway. According to Herman, Frank agreed to pay $33,000 in settlement of the fees dispute. If that amount was not paid within thirty days, then the amount due would rise to $66,000. Herman testified that Frank told him he had authority from Gavin to settle on his behalf.
When Herman sent the settlement agreement to Frank, however, Frank told him that he did not have authority to bind Gavin or the corporations, and he would not sign the written settlement agreement. That agreement included other terms which were not discussed at the settlement negotiations, including a requirement for a general release and a provision for attorney's fees for any enforcement action.
Tripp Scott moved to enforce the settlement agreement, and after hearing testimony the trial court entered an order enforcing the agreement against all defendants, ordering the payment of $66,000, together with interest and attorney's fees. All defendants challenge this ruling.
As we said in Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002), settlement agreements are favored by courts and will be enforced where possible. Uncertainty as to nonessential terms will not preclude enforcement, but *989 terms not agreed to will not be enforced. Id. However, the party seeking to enforce such an agreement must show that the opposing party agreed to all of the material terms and had the authority to enter into the agreement. Id.
In order to show apparent authority or agency, we explained the requirements in Lensa Corp. v. Poinciana Gardens Ass'n, 765 So.2d 296, 298 (Fla. 4th DCA 2000):
Three elements are needed to establish an apparent agency: (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance upon such representation. See Ideal Foods, Inc. v. Action Leasing Corp., 413 So.2d 416, 418 (Fla. 5th DCA 1982). The reliance of a third party on the apparent authority of a principal's agent must be reasonable and rest in the actions of or appearances created by the principal, see Rushing v. Garrett, 375 So.2d 903, 906 (Fla. 1st DCA 1979), and "not by agents who often ingeniously create an appearance of authority by their own acts." Taco Bell of California v. Zappone, 324 So.2d 121, 124 (Fla. 2d DCA 1975).
These elements were not established in this case. Neither Gavin nor Ann represented to Tripp Scott that Frank had the authority to bind them in settlement negotiations, and there was no testimony regarding the corporations. Tripp Scott has merely pointed to the actions of the appellants in the prior litigation as bestowing authority on Frank to negotiate for them in this action. Yet Gavin, in particular, contested Frank's right to bind him under the retainer agreement to a specific fee. Gavin filed documents with the trial court on his own behalf until appellants retained counsel. Nothing Gavin did or said in the present litigation created a representation that Frank had authority to negotiate on Gavin's behalf. Frank's authority to settle was that of an agent "who . . . ingeniously create[d] an appearance of authority by [his] own acts." Id. (quoting Taco Bell of California v. Zappone, 324 So.2d 121, 124 (Fla. 2d DCA 1975)). Tripp Scott having failed to prove the authority of Frank to bind the other participants, the settlement agreement is not binding as to them.
A material term of the agreement was that all parties were bound by the agreement. Both the initial settlement negotiations and the later correspondence proved that fact. Herman and his associate specifically questioned Frank on his authority to bind Gavin during their negotiations outside the court. Later, when Frank told Herman that he could not sign for Gavin or for the corporations, which required authorization by their boards of directors, Herman suggested that he would modify the terms to limit the settlement to Frank and Ann if they would give a mortgage on some of their property as security. Frank declined. It is thus apparent that Herman sought to have all of the parties bound by the settlement. Having failed to prove that Frank had authority to bind the other parties, Tripp Scott also has failed to prove that it would even agree to a settlement agreement with Frank and Ann alone.
Furthermore, while the court attempted to enforce only the oral agreement outside of the courtroom, excluding the general release, it included in its ruling a reservation to assess attorney's fees, which were not part of that oral agreement. Thus, the parties did not agree to a material term, namely the payment of further fees for enforcing the settlement agreement. In sum, Tripp Scott failed to prove that all material terms of the agreement were accepted even by Frank.
For the foregoing reasons, we reverse the final judgment enforcing the settlement *990 agreement and remand for further proceedings in the case.
GROSS and TAYLOR, JJ., concur.