KHOUZAM, Judge.
In this consolidated appeal, Warrior Creek Development, Inc., and Jeffry Knight appeal a final order enforcing a settlement agreement and a subsequently entered final order awarding attorney’s fees and costs to Joseph Redmond Cummings.[1] We conclude that the parties entered into a binding settlement agreement, but that a provision for an award of attorney’s fees and costs to the prevailing party in an action to enforce the settlement agreement was not one of the material terms agreed upon by the parties. Accordingly, we affirm the final order enforcing the settlement agreement and reverse the final order awarding attorney’s fees and costs.
Mr. Cummings and Mr. Knight were shareholders of Warrior Creek. A number of disputes arose between these parties with respect to their rights under the shareholder agreement, among other things. These disputes led to the filing of a complaint and counterclaim in the circuit court for Pinellas County, Florida, and related lawsuits in Taylor County, Florida. In November 2008, the parties, through their attorneys, agreed to settle all claims between them. The essential and material terms of the settlement were set forth in a detailed e-mail sent by Mr. Cummings’ attorney to Warrior Creek and Mr. Knight’s attorney on November 11, 2008. Their attorney agreed to the terms contained in the e-mail.
The terms of the agreement anticipated the preparation and execution of collateral documents. Although all essential and material terms of the settlement agreement were addressed in the e-mail, the attorneys thereafter agreed to draft a separate written settlement agreement to be included in the package of settlement documents. When this settlement agreement was drafted, it added a provision for an award of attorney’s fees and costs that was not contained in the agreed-upon terms in *917 the November e-mail.[2]
Warrior Creek and Mr. Knight were the first to sign the agreement that was included in the package of settlement documents. About six days later, however, their attorney sent an e-mail to Mr. Cummings’ attorney stating “[a]s Mr. Cummings has refused to sign the settlement papers, the deal is off,” and he asked Mr. Cummings’ attorney to return the original settlement documents to him. Mr. Cummings had not signed all the settlement documents before his attorney’s receipt of the communication, but he signed them within a day of this e-mail. The signed documents were then returned to Warrior Creek and Mr. Knight’s attorney.
Warrior Creek and Mr. Knight took the position that the November e-mail was merely a preliminary negotiation and that the settlement agreement contained in the package of settlement documents constituted an offer, which was either rejected by Mr. Cummings or revoked by Warrior Creek and Mr. Knight prior to Mr. Cummings’ acceptance. The trial court disagreed. It determined that the essential and material terms of the settlement were reflected in the November e-mail and concluded that Warrior Creek and Mr. Knight’s effort to revoke the settlement was thus ineffective because they had already agreed to the essential and material terms for settlement. It also found that there was no evidence that Mr. Cummings had refused to sign the settlement papers. The trial court noted that the settlement terms did not make time of the essence.
The trial court correctly applied the law to the evidence in finding that the parties had agreed upon all of the essential and material terms for settlement and that those terms were reflected in the November e-mail. See Don L. Tullis & Assocs., Inc. v. Benge, 473 So.2d 1384, 1386 (Fla. 1st DCA 1985) (explaining that “[t]o be enforced, the [settlement] agreement must be sufficiently specific and mutually agreeable on every essential element”). However, the trial court erred in awarding attorney’s fees and costs to Mr. Cummings because a provision for fees and costs was not included in the settlement agreement to which the parties assented. See, e.g., Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002) (reversing an order enforcing settlement “to the extent that it failed to mirror the terms of the actual settlement agreement”).
We thus affirm the final order enforcing the settlement agreement and reverse the final order awarding attorney’s fees and costs.
Affirmed in part; reversed in part.
ALTENBERND and CRENSHAW, JJ„ Concur.

. The final order enforcing the settlement agreement was appealed in case number 2D09-4600 and the final order awarding attorney’s fees and costs was appealed in case number 2D 10-2044. These two appeals were consolidated.

. The additional term provided for an award of attorney's fees and costs to the prevailing party in any action brought to enforce the settlement agreement.