TUTER, JACK B., JR., Associate Judge.
This appeal questions the existence of an enforceable settlement agreement. The trial court entered an order compelling compliance with the agreement. We affirm the order, but remand the case to the trial court to ensure the releases to be signed are in compliance with the settlement agreement.
The appellant (brother), and appellee (sister) are the children of the decedent. Before his death, the decedent transferred a family partnership’s ownership interest in real property to the brother and his wife. Subsequent to the father’s death, the sister sued her brother for return of the property interest to the partnership.
To resolve the lawsuit, the brother made an offer of judgment, pursuant to section 768.79, Florida Statutes (2010). The offer provided for the sister to dismiss her complaint with prejudice upon “the parties executing a mutual release limited to the issues in this case.” The brother was to convey the property back to the partnership by deed, and pay his sister a specified amount. The sister filed her acceptance of the offer of judgment, which clarified that the form of the deed would conform to an agreement the parties made by email.
*914 Subsequently, the brother sent a proposed release to his sister. The sister signed the release, but wrote in the margin “except for [a named attorney and his PA] _” The brother refused to sign the corresponding release, which included a release of the sister’s attorney. The sister then filed a motion to enforce the settlement agreement, attaching the offer of judgment, the acceptance, and the releases. At a uniform motion calendar hearing, the sister’s attorney explained that the sister changed the language of the proposed release to preserve her right to bring suit against the named attorney, in his capacity as the father’s attorney for handling the transfer of the property.
The sister’s attorney pointed out that the offer of judgment provided for release of the parties only, and did not include the named attorney. The brother’s attorney asked the judge to reset the motion for an evidentiary hearing because the offer of judgment was ambiguous as to who would be released. The court declined, finding there was no ambiguity in the offer of judgment as to who would be released. The court entered an order granting the sister’s motion to compel. From this order, the son appeals.
Here, the sister accepted the offer as clarified by an agreement between the parties regarding the form of the deed, but the parties disagree over the terms of the mutual release. The issue is whether an enforceable settlement agreement ever came into existence. We have de novo review as the issue concerns a matter of law. See Barone v. Rogers, 930 So.2d 761, 764 (Fla. 4th DCA 2006).
Because the parties “said the same thing”[1] with respect to the essential elements, there was an enforceable settlement agreement. See Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859, 861 (Fla. 4th DCA 1986) (finding that where parties agreed to exchange mutual releases “that did not objectively prejudice either party,” plaintiffs proposed release was not a counteroffer even though it was broader than the terms of the agreement as the plaintiff was merely attempting to effectuate the agreement and the defendant was free to make changes to the proposed language). The trial court correctly enforced the agreement. The offer was unambiguous, and the sister filed an acceptance of the offer.
However, the court’s order, read together with the motion to enforce and the attachments, appears to require both parties to sign a release greater than that bargained for in the offer of judgment and acceptance. As the trial court stated at the hearing, the agreement provided for a release of the parties only, no one else. We therefore affirm, but remand the case to the trial court to ensure the releases mirror the terms of the settlement agreement. See Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002) (affirming court’s decision to enforce settlement agreement, but reversing and remanding for entry of an order that mirrors the agreement).

Affirmed and Remanded.

MAY, C.J., and DAMOORGIAN, J., concur.

. " 'The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing.' " Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985) (citations omitted).