DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

LUISA MOTA,

Appellant,

v.

USAA CASUALTY INSURANCE COMPANY, INC., a foreign corporation;
ST. JOSEPH'S HOSPITAL, INC., a Florida not for profit corporation; and
SEVEN ONE SEVEN PARKING SERVICES, INC., a Florida corporation,

Appellees.

No. 2D2023-2197

_____

November 6, 2024

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh
Gaylord Moe, Judge.

Desiree M. Zornow of Catania & Catania, P.A., Tampa, for Appellant.

Jennifer J. Kennedy of Abbey, Adams, Byelick, & Mueller, L.L.P., St.
Petersburg, for Appellee USAA Casualty Insurance Company, Inc.

No appearance for remaining Appellees.


LaROSE, Judge.

Luisa Mota appeals the summary judgment entered in favor of
USAA Casualty Insurance Company, Inc., on her claim to enforce a
settlement agreement. We have jurisdiction. *See* Fla. R. App. P. 9.110(k)
("[P]artial final judgments are reviewable . . . on appeal from the partial

final judgment . . . .").[1]  Ms. Mota argues her change to USAA's proposed release does not invalidate the settlement.  We agree and reverse.

## I.    BACKGROUND

Ms. Mota was struck by a vehicle driven by a valet at St. Joseph's Hospital, Inc.  She sued the hospital.  She later amended her complaint to sue the valet service and USAA, the vehicle owner's insurer.  Eventually, USAA and Ms. Mota agreed to settle.  USAA would pay her $100,000.

Thereafter, USAA sent Ms. Mota a cover letter, a proposed release, and a $100,000 check to resolve her claims against USAA's insured.  The letter recited that "[t]he proposed release is not a condition of settlement, is not intended to constitute a counter-offer, and the language of the proposed release can be changed so that it is mutually acceptable."

Ms. Mota responded, adding language to the proposed release that waived USAA's indemnification and subrogation rights.  USAA rejected the modification and stopped payment on the check.  Ms. Mota filed a fifth amended complaint alleging a breach of the settlement agreement by USAA.  The parties filed competing motions for summary judgment.  USAA won the day; the trial court found that "there was no meeting of the minds with regard to the alleged settlement between USAA and [Ms. Mota]."

Ms. Mota argues that USAA's proposed release was not a condition of settlement and did not constitute a counteroffer to her demand for

---

[1] We have jurisdiction over Ms. Mota's appeal because the trial court's summary judgment disposed of her sole claim against USAA as a named party in the underlying action.  *See* Fla. R. App. P. 9.110(k) (explaining a partial final judgment as "one that disposes of an entire case as to any party").

policy limits.  Rather, the proposed release was a nonessential term of settlement.  As a result, the settlement was valid and enforceable.[2]

## II.  DISCUSSION

USAA's letter to Ms. Mota was clear: "[t]he proposed release is not a condition of settlement, is not intended to constitute a counter-offer, and the language of the proposed release can be changed so that it is mutually acceptable."

"[S]ettlement agreements are to be interpreted and governed by the law of contracts."  *Dania Jai-Alai Palace, Inc v. Sykes*, 495 So. 2d 859, 861 (Fla. 4th DCA 1986) (citing *Don L. Tullis & Assocs. v. Benge*, 473 So. 2d 1384 (Fla. 1st DCA 1985)).  "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element."  *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (citing *Don L. Tullis & Assocs.,* 473 So. 2d at 1386).

Ms. Mota relies heavily on *Dania*, 495 So. 2d at 859.  There, as part of a settlement, the parties exchanged proposed releases.  One included an indemnity waiver.  As here, the *Dania* court observed that the parties could edit the proposed releases.  *Id.* at 862.  Importantly, the court held that the changes to the proposed release, which was a nonessential term of settlement, did not amount to a counteroffer and the settlement agreement was enforceable.  *Id.*

---

[2] Ms. Mota also asserts that reversal is appropriate because Florida law encourages settlements.  *See Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985); *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002).  This position is not controversial.

More on point, Ms. Mota also relies on *Tovar v. Russell*, 238 So. 3d 835 (Fla. 4th DCA 2018). The insurer in that case used language like that used by USAA:

> [State Farm's] letter enclosed a proposed release, but expressly stated it was not a condition of settlement. Based on the communication between the parties, the trial court found "State Farm clearly stated in correspondence that execution of its proposed release 'is not a condition of settlement' and stated that the proposed release 'is not intended to constitute a counter offer.' "

*Id.* at 838. The *Tovar* court held that any change to the insurer's proposed release did not render the settlement unenforceable. *Id.* at 839. All essential terms were intact. Enforceability of a settlement agreement does not hinge on the nonconditional and nonessential terms of the agreement. *See id.*

USAA urges us to employ the mirror image rule[3] because Ms. Mota added a term to the proposed release upon which the parties did not agree. USAA cites *Pena v. Fox*, 198 So. 3d 61, 63 (Fla. 2d DCA 2015), *Thomas v. Thomas*, 304 So. 3d 819, 820–21 (Fla. 1st DCA 2020), and *Peraza v. Robles*, 983 So. 2d 1189, 1190 (Fla. 3d DCA 2008), as support. Importantly, none involved language similar to that proposed by USAA. *See Tovar*, 238 So. 3d at 839.

USAA also relies on *Villareal v. Eres*, 128 So. 3d 93 (Fla. 2d DCA 2013), to argue, again, that Ms. Mota's change to the proposed release violated the mirror image rule. However, Ms. Eres' lawyer expressly warned Mr. Villareal's insurer that adding an indemnification clause in the proposed release would constitute a counteroffer that "would be

---

[3] Under the mirror image rule, "acceptance must be a 'mirror image' of the offer in all material respects, or else it will be considered a counteroffer that rejects the original offer." *Pena v. Fox*, 198 So. 3d 61, 63 (Fla. 2d DCA 2015).

deemed a rejection of" Ms. Eres' settlement offer.  *Id.* at 97.  USAA issued no such warning.

If USAA wanted to retain its subrogation or indemnification rights, it could have made them essential terms of any settlement agreement.  It did not.  This omission carries consequences.

### III.   CONCLUSION

The trial court should have enforced the settlement agreement. The proposed release was not a condition of settlement.  The parties agreed to all essential terms of the settlement.

Reversed.


CASANUEVA and MORRIS, JJ., Concur.

—————————————————


Opinion subject to revision prior to official publication.