POLSTON, J.
We review the decision of the Second District Court of Appeal in Florida Insurance Guaranty Ass’n v. Petty, 44 So.3d 1191 (Fla. 2d DCA 2010), which certified conflict with the decision of the Third District Court of Appeal in Florida Insurance Guaranty Ass’n v. Soto, 979 So.2d 964 *315 (Fla. 3d DCA 2008).[1] Because Petty’s attorney’s fee award pursuant to section 627.428(1), Florida Statutes (2008), is not within the coverage of her insurance policy, it is not a covered claim under section 631.54(3), Florida Statutes (2008), that the Florida Insurance Guaranty Association (FIGA) must pay. Therefore, we approve the decision of the Second District.
I. Background
The Second District explained the background of this case as follows:
At the time [Hurricane Charley] damage[d] Petty’s home in August 2004, Florida Preferred Property Insurance Company (Florida Preferred) insured the home. After Petty received partial payment for some of the damages sustained, she demanded an appraisal to resolve the dispute concerning the value of the covered loss. Florida Preferred refused to submit to the appraisal process, and Petty filed suit to compel an appraisal. An appraisal was eventually completed, and the award filed with the court indicated that Florida Preferred owed Petty more money under the policy terms. Petty filed a motion to confirm the award, a motion for entry of a final judgment, and a motion for an award of attorney’s fees under section 627.428. Florida Preferred paid more insurance benefits but shortly thereafter became insolvent, and an automatic stay was entered in the lawsuit.
On May 30, 2008, Petty filed a motion to lift the stay, reopen the case, and substitute [the Florida Insurance Guaranty Association (FIGA) ] as the defendant. FIGA was served with the complaint and, ultimately, the parties stipulated that the only issue that remained unresolved was whether FIGA could be required to pay Petty’s attorney’s fees and costs incurred in the litigation with Florida Preferred....
The trial court determined that Florida Preferred’s payment of the appraisal award to Petty constituted a confession of judgment by the insurer and thus invoked the mandatory attorney’s fee provisions of section 627.428. The court recognized that under section 631.57(1), FIGA was “obligated to the extent of the covered claims” that existed before the adjudication of insolvency. Relying in part upon Soto, the trial court determined that the right to fees under section 627.428 was a covered claim [that FIGA must pay] in this case.
Petty, 44 So.3d at 1192-93.
On appeal, the Second District reversed. Id. at 1195. Because Petty’s section 627.428(1) fee award was not based upon a coverage provision of Petty’s underlying insurance policy, the Second District held that the fee award was not within the coverage of Petty’s policy and was not a covered claim that FIGA must pay under section 631.54(3), Florida Statutes. Id. The Second District certified conflict with the Third District’s decision in Soto, 979 So.2d at 966, which held that a section 627.428(1) fee was a covered claim under section 631.54(3) because the insurance policy at issue, as a matter of law, was subject to the obligations of section 627.428(1).
II. Analysis
We agree with the Second District that Petty’s section 627.428(1) fee award, which is not within the coverage of her underlying insurance policy, is not a covered claim that FIGA must pay.
Section 627.428(1) states:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any *316 named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
This statute provides that an insured will be entitled to an attorney’s fee award when coverage is disputed and the insured prevails. See Pepper’s Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla.2003). And, as we have previously stated, the purpose of this statute is “to discourage insurance companies from contesting valid claims, and to reimburse insureds for them attorney’s fees incurred when they must enforce in court their contract with the insurance company.” Id. (quoting Bell v. U.S.B. Acquisition Co., 734 So.2d 403, 411 n. 10 (Fla.1999)).
Section 631.57(l)(a), Florida Statutes (2008) (emphasis added), provides that FIGA shall “[b]e obligated to the extent of the covered claims existing” prior to an insurer’s adjudication of insolvency. Section 631.54(3) defines a covered claim as:
an unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state.
A plain reading[2] of section 631.54(3) indicates that a covered claim must meet two distinct requirements: (1) it must arise, or originate, from an insurance policy and (2) it must be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy.[3]
The parties do not contest that Petty’s section 627.428(1) fee award arose from her underlying insurance policy. In order to recover from FIGA, however, Petty’s claim for fees must also be within the coverage of her underlying insurance policy. See § 631.54(3), Fla. Stat. Her underlying insurance policy does not expressly provide coverage for her section 627.428(1) fee award.
Petty argues that her fee award is impliedly covered by her underlying policy because Florida law subjects every Florida insurance policy to section 627.428(1). See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) (“[T]he terms of section 627.428 are an implicit part of every insurance policy issued in Florida.”). But, as the Second District stated below, “the fact that section 627.428 is an implicit part of an insurance policy does not mean that the insured’s claim against the insurer for fees and costs is part of the policy’s ‘coverage.’ ” Petty, 44 So.3d at 1194. *317 There is a clear difference between an obligation to pay fees that is imposed by operation of law upon a party due to its behavior under the insurance contract and an obligation imposed upon a party by an express provision for which the party contracted. Section 627.428(1) imposes the obligation to pay a fee award upon an insurer that has wrongfully contested an insured’s valid claim. It does not alter the coverage provisions of the insurance contract itself.[4]
III. Conclusion
Because Petty’s underlying insurance policy does not expressly provide coverage for a section 627.428(1) fee award, it is not a covered claim under section 631.54(3) that FIGA must pay. Accordingly, we approve the Second District’s decision in Petty, and disapprove the Third District’s decision in Soto.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. As a general rule, statutory construction begins with the plain meaning of the statute. See Fla. Birth-Related. Neurological Injury Comp. Ass’n v. Dep't of Admin. Hearings, 29 So.3d 992, 997-98 (Fla.2010). Where a statute’s language is plain and unambiguous, its plain meaning will control and further statutory construction is not necessary. Id.

. Petty argues that a claim for unearned premiums would not be covered unless a policy expressly included a coverage provision guaranteeing that the insured could recover any unearned premiums. However, section 631.54(3) expressly includes claims for unearned premiums in the definition of a covered claim. No similar provision is made for attorney’s fees.

. In contrast, Florida’s Workers' Compensation Law requires every workers’ compensation insurance policy to include coverage for attorney's fees entered against the insured employer under section 440.34, Florida Statutes (2008). Specifically, section 440.42(1), Florida Statutes (2008), provides that ”[e]very policy or contract of insurance issued under authority of this chapter shall contain ... [a] provision to carry out the provisions of s. 440.41.” Section 440.41, Florida Statutes (2008), entitled "Substitution of carrier for employer,” explains that the insurance carrier is liable for the obligations and duties that chapter 440, Florida Statutes (2008), imposes upon the employer. One such obligation and duty that, therefore, must be included in the insurance policy is attorney's fees under section 440.34. See Fla. Ins. Guar. Ass’n v. Gustinger, 390 So.2d 420, 421 (Fla. 3d DCA 1980) (stating that a section 440.34 attorney’s fee award was a covered claim ”[s]ince the workmen’s compensation policy issued by [the carrier] to [the employer] obviously insured against the employer’s responsibility to pay the claimant’s attorney’s fees”); Dilme v. SBP Service, Inc., 649 So.2d 934, 935 (Fla. 1st DCA 1995) (holding a section 440.34 fee award to be within the coverage of the employer’s workers' compensation insurance policy); What An Idea, Inc. v. Sitko, 505 So.2d 497, 504-05 (Fla. 1st DCA 1987) (same).