DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLIN YACHT MFG., INC.,** and **GIUSEPPE GISMONDI,**
Appellants,

v.

**ALEX NICHOLS** and **AQUA AERO ENTERPRISES, INC.,**
Appellees.

No. 4D17-2434

[September 12, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE 10-38110.

Jonathan R. Kaplan of Jonathan R. Kaplan, LLC, West Palm Beach, for appellants.

Justin S. Fiorilli of Fiorilli Law Group, P.A., Fort Lauderdale, for appellees.

HARPER, BRADLEY, Associate Judge.

Appellants Marlin Yacht Manufacturing, Inc. and Giuseppe Gismondi (collectively, "the manufacturer") challenge the portion of the trial court's final judgment awarding money damages in the amount of $170,000.00 to Appellees Alex Nichols and Aqua Aero Enterprises, Inc. (collectively, "the owner"). The trial court erred in awarding money damages for breach of a settlement agreement before incorporating the settlement terms into a final judgment, dismissing the underlying lawsuit, and conducting a separate enforcement hearing. We reverse.

In 2010, the owner hired the manufacturer to construct a sport fishing vessel. The manufacturer started construction of the vessel but did not finish.

The owner filed a lawsuit against the manufacturer alleging, among other things, a cause of action for breach of contract. The lawsuit also alleged a cause of action for breach of license agreement, declaratory

judgment, tortious interference with business relationships, equitable accounting, and unfair and deceptive trade practices.

On September 17, 2011, during the pendency of the lawsuit, the owner and the manufacturer, *pro se*, entered in a settlement agreement entitled "purchase agreement" ("2011 Settlement Agreement"). The terms of the 2011 Settlement Agreement are as follows:

> [I]t is agreed that [the manufacturer] will purchase from [the owner] an existing semi-complete 42' vessel currently located at New River Marina as is/where is.
>
> Purchase price is: $200,000 payable as follows – 10% non-refundable deposit ($20,000) due by October 15th, 2011. Balance ($180,000) due on or before December 31st, 2011. Vessel to remain at New River Marina until this agreement is paid in full.
>
> [The owner] agrees to return the Phasor 8kW generator to [the manufacturer].
>
> Volvo Penta IPS600 diesel engines are specifically not part of this agreement.
>
> In the event [the manufacturer] manufactures additional boats from existing molds owned by [the owner] it is agreed a $15,000 royalty payment per boat is due. Royalty payment is due upon boat being released from mold.

In January 2012, the parties amended the 2011 Settlement Agreement. The amendment provided, in relevant part, as follows:

> [The owner] agree[s] that upon receipt from [the manufacturer] of an additional non-refundable deposit in the amount of $10,000.00 on or before 1/05/2012 [the owner] will extend to [the manufacturer] until 2/29/2012 all terms and conditions as outlined in our agreement dated 9/17/2011. This will supersede Choice 1 in [the owner's] letter to [the manufacturer] dated 12/28/2011.

The manufacturer paid a total of $30,000.00 in non-refundable deposits but did not complete the purchase. For reasons not explained by

the record, the parties litigated for five additional years after entering into the 2011 Settlement Agreement.

In 2017, in an effort to end the litigation, the parties moved the trial court to enter a final judgment incorporating the terms of the 2011 Settlement Agreement. Additionally, the owner moved the trial court to enter a judgment for money damages in its favor.

The trial court entered a final judgment incorporating the terms of the 2011 Settlement Agreement and, over the manufacturer's objection, simultaneously entered a final judgment of $170,000.00 in favor of the owner for breach of the settlement agreement.

The manufacturer argues that the trial court erred in awarding money damages because the trial court did not have jurisdiction to enforce the 2011 Settlement Agreement, and because the terms of the 2011 Settlement Agreement did not support a money damages award. The owner argues that it is entitled to a judgment for money damages against the manufacturer according to the express terms of the settlement agreement.

Questions regarding the trial court's jurisdiction are reviewed de novo. *Sanchez v. Fernandez,* 915 So. 2d 192, 192 (Fla. 4th DCA 2005). Likewise, settlement agreements are interpreted like a contract and reviewed de novo. *Barone v. Rogers,* 930 So. 2d 761, 764 (Fla. 4th DCA 2006).

As an initial matter, we conclude that the trial court had jurisdiction to incorporate the terms of the settlement agreement into a final judgment and to enforce the terms of the settlement agreement. *See Paulucci v. Gen. Dynamics Corp.,* 842 So. 2d 797, 803 (Fla. 2003) (court has continuing jurisdiction to enforce the terms of the settlement agreement when the court incorporates the settlement agreement into a final judgment and retains jurisdiction to enforce its terms, even if the terms are outside the scope of the remedy sought in the original pleadings).

Having decided that the trial court had jurisdiction to incorporate the terms of the settlement agreement into a final judgment and to enforce the terms of the settlement agreement, we next determine whether the trial court erred in entering a money judgment against the manufacturer without a separate enforcement hearing.

The manufacturer agrees that its intent in entering into the settlement agreement was to end the lawsuit. Therefore, the trial court should have entered a judgment incorporating the terms of the settlement agreement

3

and dismissed the lawsuit. *See generally Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (Florida law has long favored settlement agreements as a means to conserve judicial resources).

However, the manufacturer should have been afforded a separate enforcement hearing *after* the lawsuit had been dismissed. *See generally Paulucci*, 842 So. 2d at 801-03. A separate enforcement hearing under these circumstances is appropriate because the incorporation of the settlement terms into a judgment ends the litigation and limits the scope of the trial court's jurisdiction. *Id.* at 803 ("[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement.") Thus, the trial court should have incorporated the settlement terms into the final judgment and dismissed the lawsuit before determining whether the settlement terms had been breached. *See generally Brinkley v. Coty. of Flagler*, 769 So. 2d 468 (Fla. 5th DCA 2000).

Finally, we are unconvinced by the manufacturer's argument that the owner, on remand, must file a separate action to enforce *any* breach of the settlement agreement. A separate action is necessary only if the owner seeks general damages not specified in the settlement agreement. *See Paulucci*, 842 So. 2d at 801-03 ("[I]f a party is claiming a breach of the [settlement] agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit."). Seeking performance of a settlement term requiring a non-contingent payment is not the same as seeking general damages not specified in the settlement agreement. *See MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 36-37 (Fla. 4th DCA 2000) (affirming trial court's money judgment award against a party who failed to comply with a *non-contingent* settlement term requiring the payment of $150,000.00).

Accordingly, we reverse the trial court's judgment for money damages against the manufacturer and remand this case to the trial court to hold a separate settlement enforcement hearing after the underlying lawsuit has been dismissed pursuant to the 2011 Settlement Agreement.

*Reversed and remanded with directions.*

MAY and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**