# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1214
LT Case No. 2023-37546-COCI

_____

DENISE BLUMBERG,

    Appellant,

    v.

SECURITY FIRST INSURANCE
COMPANY

    Appellee.

_____

On appeal from the County Court of Volusia County.
Rachel Diane Myers, Judge.

Chad Andrew Barr, of Chad Barr Law, Altamonte Springs, for
Appellant.

Ashley Jaye Arends, Security First Insurance Company, Ormond
Beach, and Joseph W. Jacquot, of Gunster, Yoakley & Stewart,
P.A., Jacksonville, for Appellee.

August 28, 2025

PRATT, J.

Denise Blumberg appeals the trial court's order denying the
motion for attorney's fees that she filed after she settled a breach-
of-contract dispute with her property insurer, Security First
Insurance Company ("Security First"). Blumberg argues that the

trial court erred by retroactively applying statutory amendments eliminating an insured's right to recover attorney's fees because her policy issued before the amendments took effect. Bound by precedent, we reverse.

## I.

In March 2022, Blumberg purchased from Security First a one-year property insurance policy. During the summer of 2022, Blumberg's property suffered a covered loss. In January 2023, Blumberg filed a claim under her insurance policy. Security First refused to pay the full amount of the claim, and Blumberg sued for breach of contract in July 2023. Blumberg claimed entitlement to attorney's fees in her complaint. Blumberg and Security First eventually settled the claim, but the settlement left open the matter of attorney's fees.

Blumberg filed a motion for attorney's fees and costs, citing the 2021 version of section 627.428, Florida Statutes—the version of the statute in effect at the time her policy issued. The 2021 version of the statute provided that insureds who recover against their insurer are entitled to attorney's fees pursuant to section 627.70152, Florida Statutes (2021). *See* § 627.428, Fla. Stat. (2021). Section 627.70152, in turn, contained a formulaic approach to calculate an award of attorney's fees. *See* § 627.70152(8), Fla. Stat. (2021).

During the time between Blumberg's covered loss and the initiation of her action against Security First, the Florida Legislature enacted multiple amendments to and repeals of sections 627.428 and 627.70152, ultimately eliminating an insured's right to attorney's fees in litigation over the denial of benefits under a property insurance policy. *See* § 627.428(4), Fla. Stat. (2022) (adding a statement that fees were unavailable in suits arising under residential or commercial property insurance policies); § 627.428, Fla. Stat. (2023) (repealing the section completely); § 627.70152, Fla. Stat. (2022) (eliminating subsection eight and its methodology for determining attorney's fees). Each of these changes became effective before Blumberg filed suit.

Security First contested Blumberg's motion for attorney's fees on the basis that the statutory right had been eliminated prior to the filing of her action. The trial court ruled that the amendments to the statutes precluded Blumberg's recovery of attorney's fees. Blumberg timely appealed.

**II.**

Blumberg relies on the two-prong retroactivity analysis framework that the Florida Supreme Court described in *Menendez v. Progressive Express Insurance*, 35 So. 3d 873, 876–80 (Fla. 2010). She argues that the right to attorney's fees is a substantive right, so elimination of that right is presumed to apply prospectively. Because nothing in the legislation indicates a clear intent for retroactive application, she reasons, the amended versions should not apply retroactively to her case under the first *Menendez* prong. She also argues that the statute's retroactive application to her case fails *Menendez*'s second prong as an unconstitutional impairment of substantive rights under her existing contract.

"The question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo." *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011). In *Menendez*, the insured suffered an injury covered by her personal injury protection policy during the policy period. *Menendez*, 35 So. 3d at 875. After the insurer failed to pay the claimed benefits, the insured filed suit. *Id.* The primary issue in the litigation was whether the insured was required to file pre-suit notice pursuant to a statute enacted after the issuance of the insured's policy. *Id.* The trial court decided the pre-suit notice requirement did not apply to the insured's policy, but the district court of appeal reversed. *Id.* at 875–76.

The Florida Supreme Court explained that the proper analysis looks "at the date the insurance policy was issued and not the date the suit was filed or the accident occurred, because 'the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'" *Id.* at 876 (quoting *Hassen v. State Farm Mut. Auto. Ins.*, 674 So. 2d 106, 108 (Fla. 1996)). *Menendez* applied a two-pronged test to determine whether a statute applies retroactively. *Id.* at

3

877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively." *Id.* "Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles." *Id.* The Florida Supreme Court ultimately decided that the pre-suit notice provisions could not be applied retroactively, in part because they implicated the substantive right to attorney's fees by delaying the ability to recover them. *Id.* at 878–80.

Application of *Menendez* to section 627.70152's property insurance pre-suit notice provisions resulted in an inter-district split. *Compare Cole v. Universal Prop. & Cas. Ins.*, 363 So. 3d 1089, 1093–95 (Fla. 4th DCA 2023), *with Hughes v. Universal Prop. & Cas. Ins.*, 374 So. 3d 900, 905–10 (Fla. 6th DCA 2023). In deciding that pre-suit notice was required even though the relevant policy issued before section 627.70152 took effect, the Fourth District Court of Appeal determined that the Legislature intended that the statute apply retroactively, and it distinguished the rights at issue under the property insurance scheme with those at issue under the personal injury protection scheme in *Menendez*. *Cole*, 363 So. 3d at 1093–95. The Sixth District Court of Appeal reached a conflicting decision on similar facts when it decided that the amended section 627.70152 did not demonstrate retroactive intent under the first *Menendez* prong and was a substantive statute under the second prong. *Hughes*, 374 So. 3d at 905–10.

Security First argues that the *Mendenez* framework applies only to personal injury protection policies. However, this argument was rejected by our Court's decision in *Smith v. Universal Property & Casualty Insurance*, 396 So. 3d 860, 861 (Fla. 5th DCA 2024), which adopted the Sixth District's reasoning in *Hughes*. Just as the *Hughes* court did, *Smith* applied the *Menendez* framework to determine that the pre-suit notice provisions of the property insurance statutory scheme—one of the two sections of the statute at issue in this case—could not be applied retroactively. *Id.*

Applying the *Menendez* framework here, as *Smith* requires, we hold that the amendments cannot apply retroactively to Blumberg's property insurance policy. Neither the first nor the second prong of the retroactivity analysis supports retroactive application.

4

The first *Menendez* prong examines statutes for clear evidence of retroactive intent. "Substantive statutes are presumed to apply prospectively absent clear legislative intent to the contrary." *Bionetics*, 69 So. 3d at 948. Both the Florida Supreme Court and the district courts have held that "a statutory right to attorney's fees constitutes a substantive right." *Id.*; *see also Menendez*, 35 So. 3d at 878. Because attorney's fees are a substantive right, an amendment limiting that right is presumed to apply prospectively. *See Menendez*, 35 So. 3d at 875.

The Legislature made multiple amendments to the statutory scheme providing for attorney's fees where an insured prevails against an insurer. First, Senate Bill 2-A, dealing with property insurance, was enacted in December 2022. Ch. 2022-271, Laws of Fla. That law amended section 627.428 by adding subsection (4), which provided that "[i]n a suit arising under a residential or commercial property insurance policy, there is no right to attorney fees under this section." Ch. 2022-271, § 13, Laws of Fla. That enactment also amended section 627.70152 by eliminating subsection (8), which described the formula for awarding attorney's fees, and two other references to attorney's fees in that subsection. *Id.* § 17. A second legislative enactment, House Bill 837, repealed section 627.428 in March 2023. Ch. 2023-015, § 11, Laws of Fla.

None of the amendments to the relevant statutes discusses retroactivity or prospectivity. Senate Bill 2-A includes no language near the amendments that implies retroactivity or prospectivity, and it sets no specific effective date for those sections. Although the "inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law[,]" *see Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 196 (Fla. 2011), the exclusion of a specific date is mere silence. The repeal of section 627.428 and the deletion of subsection 627.70152(8) are also silence, as there was no text to consider. "[C]lear evidence must consist of more than silence." *Hughes*, 374 So. 3d at 907.

Even though House Bill 837 does not include language explicitly discussing retroactivity, it states that it "shall not be

construed to impair any right under an insurance contract in effect on or before the effective date of this act." Ch. 2023-015, § 29, Laws of Fla. It further mandates that if the "act affects a right under an insurance contract, this act applies to an insurance contract issued or renewed after the effective date of this act." *Id.* The text of the statutes also provides little evidence regarding retroactivity other than a statement in the pre-suit notice provisions of section 627.70152(1). That subsection notes that the statute applies to all suits arising under property insurance policies. § 627.70152(1), Fla. Stat. *Smith* held that section 627.70152(1)'s "application to 'all suits'" did not "indicat[e] clear legislative intent for retroactive application." *Smith*, 396 So. 3d at 861. The same conclusion must follow for the "a suit" language in the intermediate 2022 version of subsection 627.428(4).

Because the only potential indicia of retroactive application in this context stem from silence and from language that *Smith* previously held inadequate to support retroactive application, we are bound to conclude that the Legislature has not clearly provided for retroactive application of these statutory changes. Accordingly, under the first *Menendez* prong, the statute cannot be retroactively applied.

Even if the statutory changes demonstrated an intent for retroactive application, precedent requires that we hold them inapplicable to Blumberg's case under *Menendez*'s second prong due to their impact on a substantive right. *See Menendez*, 35 So. 3d at 878 ("[T]he statutory right to attorney's fees is not a procedural right, but rather a substantive right."). The determinations that the pre-suit notice provisions at issue in *Menendez*, *Hughes*, and *Smith* could not be applied retroactively all significantly stemmed from the fact that those provisions delayed the recovery of attorney's fees. *See Menendez*, 35 So. 3d at 878; *Hughes*, 374 So. 3d at 907–08; *Smith*, 396 So. 3d at 861. Those cases recognized that the statutes at issue were substantive, and could not be applied retroactively, because they delayed recovery of attorney's fees. This case presents an even more significant change. The statutory changes do not delay the recovery of attorney's fees, but instead deny the right to them altogether. As such, retroactive application is impermissible under the second *Menendez* prong in addition to the first.

## III.

Security First also advances an argument beyond the *Menendez* framework. It asserts that denying attorney's fees in this case was not a retroactive application of the amendments because such application did not add new consequences to prior conduct. It cites several cases holding that the repeal of a statutory right could be applied to an action that arose prior to the repeal when all relevant conduct post-dated the repeal. *See, e.g., Div. of Workers' Comp. v. Brevda*, 420 So. 2d 887, 889–92 (Fla. 1st DCA 1982) (holding attorney's fees were not available when the repeal of the statutory basis for fees pre-dated the plaintiff's employment of an attorney); *L. Ross, Inc. v. R.W. Roberts Constr. Co.*, 466 So. 2d 1096, 1097 (Fla. 5th DCA 1985) (holding that the elimination of a cap on attorney's fees could be applied to a case where the cause of action accrued after the cap's removal).

The cases on which Security First relies in support of this argument are distinct. Unlike the claims in those cases, Blumberg's claim is based on a contractual right stemming from the incorporation of the statute into her insurance policy. In *State Farm Fire & Casualty Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993), the Florida Supreme Court recognized that "the terms of section 627.428 are an implicit part of every insurance policy issued in Florida." The Court has similarly stated that "where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract." *Grant v. State Farm Fire & Cas. Co.*, 638 So. 2d 936, 938 (Fla. 1994) (quoting *Standard Marine Ins. Co. v. Allyn*, 333 So. 2d 497, 499 (Fla. 1st DCA 1976)). The right to attorney's fees in this case is different from the rights addressed in the cases cited by Security First because it was incorporated into a contract that issued before the statutory amendments.

Security First argues against incorporation of the statute into the contract to avoid this result. It points to the Florida Supreme Court's decision in *Petty v. Florida Insurance Guaranty Ass'n*, 80 So. 3d 313 (Fla. 2012). Security First overreads *Petty*. There, the

7

Florida Supreme Court denied attorney's fees to an insured bringing a claim against the Florida Insurance Guaranty Association ("FIGA") after the original insurer became insolvent. *Id.* at 315. That decision was based upon the compensation FIGA was required to provide the insured after the original insurer could not meet its obligations. *See id.* at 315–16. The operative statute mandated that a claim must both arise from an insurance policy and be included in the coverage of the policy. *Id.* at 316. *Petty* recognized that attorney's fees under section 627.428 were an implicit part of the policy but held FIGA was not liable for them because they were not a covered claim as required by the statutes governing FIGA's responsibilities. *Id.* Security First, unlike FIGA, is liable for the statutory terms incorporated into its policies. As such, it cannot escape the conclusion that the right to attorney's fees was incorporated into the policy that issued before such a right was repealed by the Legislature.

## IV.

In conclusion, Blumberg's insurance policy incorporated a statutory right to attorney's fees at the time it issued. Under *Menendez* and *Smith*, the statutory amendment eliminating that right to attorney's fees cannot be retroactively applied to Blumberg's claim. Therefore, we reverse the trial court's order denying Blumberg's motion for attorney's fees and remand the cause for determination of an appropriate fee award.

REVERSED and REMANDED for further proceedings.

WALLIS and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____