DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INSURANCE GUARANTY ASSOCIATION, INC.,**
Appellant,

v.

**WATERFIRE RESTORATION, LLC,** a/a/o **JOVA SOSA,**
Appellee.

No. 4D2024-1787

[November 26, 2025]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Edmond W. Alonzo, III, Judge; L.T. Case No. 562021CC002178.

Dwight O. Slater of Conroy Simberg, P.A., Tallahassee, and Hinda Klein of Conroy Simberg, P.A., Hollywood, for appellant.

Joshua R. Lopez of Your Insurance Attorney, PLLC, Coconut Grove, for appellee.

CIKLIN, J.

Florida Insurance Guaranty Association, Inc. ("FIGA") appeals an order granting a motion to enforce a settlement agreement entered in favor of Waterfire Restoration, LLC a/a/o Javo Sosa ("Waterfire"). FIGA challenges the order insofar as it requires FIGA to pay Waterfire's attorneys' fees, arguing such fees are not permissible under the governing statutes. We agree, and we reverse. We decline to address FIGA's remaining argument, which was not preserved for review.

Waterfire provided water restoration services to a home insured by Southern Fidelity Insurance Company (the "insurer") following a loss. The homeowner assigned his rights under the policy to Waterfire. Waterfire sued the insurer for breach of contract several months later based on the insurer's failure to pay the full claim.

The parties settled in June 2022. The settlement agreement and release required the insurer to issue one check for $4,000 payable to Waterfire "for indemnity benefits under all Coverages of the POLICY," and

another check for $3,000 payable to Waterfire's counsel "for attorney's fees and costs." The $7,000 payment was the "sole consideration . . . for payment of a disputed homeowner's insurance claim."

However, a few days after the insurer executed the release, but before payment was issued, the insurer became insolvent, a receiver was appointed, and the case was stayed. After the stay was lifted in January 2023, the trial court granted Waterfire's motion to substitute FIGA as defendant, and Waterfire filed an amended complaint against FIGA.

Waterfire then moved to enforce the settlement agreement. FIGA opposed the motion, arguing it was not statutorily obligated to pay attorneys' fees. FIGA did not challenge below, nor does it challenge on appeal, the portion of the settlement attributable to policy benefits. The trial court granted Waterfire's motion, finding the settlement agreement enforceable and explaining, "Defendant steps into the shoes of the defunct insurer and is hereby compelled to tender payment according to the terms of the settlement agreement, including the $3,000.00 in attorney's fees/costs which was previously agreed to by the insolvent insurer and now enforceable . . . ."

We review the trial court's application of the law to the facts de novo. *See Fla. Ins. Guar. Ass'n v. Olympus Ass'n*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010).

The FIGA Act, which governs the issue at hand, is contained in sections 631.50-631.705, Florida Statutes (2021).

> FIGA is a statutorily created non-profit corporation whose purpose is to guarantee "covered claims" of insurers who have been declared insolvent. §§ 631.50–70, Fla. Stat. (2011).

> When an insurer is declared insolvent, DFS is appointed the receiver for that insolvent insurer. § 631.051, Fla. Stat. (2011). As part of DFS's receivership, FIGA administers the claim functions and guarantees the "covered claims" of the insolvent insurer. § 631.57, Fla. Stat. (2011). Pursuant to, and subject to the limitations of, section 631.57, FIGA is obligated to pay "covered claims."

*Fla. Ins. Guar. Ass'n v. Mendoza*, 193 So. 3d 940, 943 (Fla. 3d DCA 2016). In relevant part, the FIGA Act defines a "covered claim" as "an unpaid claim . . . which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies . . .

2

if such insurer becomes an insolvent insurer . . . ." § 631.54(4), Fla. Stat. (2021).

FIGA does not "simply step[] into the shoes of the insolvent insurer" and is not "obligated to the same extent as that insurer would be." *Alessio ex rel. Estate of Garza v. Fla. Ins. Guar. Ass'n*, 91 So. 3d 910, 913 (Fla. 2d DCA 2012) (quoting *Fla. Ins. Guar. Ass'n v. Petty*, 44 So. 3d 1191, 1194 (Fla. 2d DCA 2010)). Under the FIGA Act, "the full gamut of a defunct insurance company's liabilities was not intended to be shifted onto FIGA." *Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 190 (Fla. 2011) (quoting *Olympus Ass'n*, 34 So. 3d at 794). Specifically, FIGA is not obligated to pay attorneys' fees to the same extent as an insurer: "The provisions of s. 627.428[1] providing for an attorney's fee shall not be applicable to any claim presented to the association under the provisions of this part, except when the association denies by affirmative action, other than delay, a covered claim or a portion thereof." § 631.70, Fla. Stat. (2021) (footnote added).[2]

The Florida Supreme Court has elaborated on what constitutes a "covered claim." *See Petty v. Fla. Ins. Guar. Ass'n*, 80 So. 3d 313 (Fla. 2012). In *Petty*, the court held that an insured's "section 627.428(1) fee award, which is not within the coverage of her underlying insurance policy, is not a covered claim that FIGA must pay." *Id.* The court explained, "A plain reading of section 631.54(3) indicates that a covered claim must meet two distinct requirements: (1) it must arise, or originate, from an insurance policy and (2) it must be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." *Id.* at 316 (footnote omitted).

Particularly instructive to the case at hand is *Petty*'s disapproval of *Florida Insurance Guaranty Ass'n v. Soto*, 979 So. 2d 964 (Fla. 3d DCA 2008), with which the Second District had certified conflict. *See Petty*, 80 So. 3d at 314-15, 317. In *Soto*, the insurer and insured entered into a settlement agreement under which the insurer had agreed to pay the

---

[1] "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. . . ." § 627.428(1), Fla. Stat. (2021). Section 627.428 was repealed effective March 24, 2023.

[2] Section 631.70 was repealed effective March 24, 2023.

insured $25,000, as well as her attorney's fees and costs in an amount to be determined by the court. 979 So. 2d at 965. Soto's attorneys moved for attorney's fees, but before the motions were heard, the insurer became insolvent and FIGA became liable for covered claims existing before the insurer was adjudicated insolvent. *Id.* The trial court awarded the fees, and the Third District affirmed, reasoning that, because section 627.428 is an implicit part of all such insurance policies, the stipulated but unpaid attorney's fee judgment was a "covered claim." *Id.* at 965-66. In *Petty*, the supreme court rejected this analysis, holding: "[T]he fact that section 627.428 is an implicit part of an insurance policy does not mean that the insured's claim against the insurer for fees and costs is part of the policy's 'coverage.'" *Petty*, 80 So. 3d at 316 (quoting *Petty*, 44 So. 3d at 1194). As the court explained: "There is a clear difference between an obligation to pay fees that is imposed by operation of law upon a party due to its behavior under the insurance contract and an obligation imposed upon a party by an express provision for which the party contracted." *Id.* at 317.

Applying *Petty* to the case at bar, the trial court erred by entering the order on appeal. The portion of the settlement challenged by FIGA expressly states that a check for $3,000 should be to Waterfire's attorney "*for attorney's fees and costs.*" (Emphasis added.) Per section 631.57(1), FIGA is obligated to pay "covered claims," and, per *Petty*, 80 So. 3d at 316, a covered claim must (1) arise from an insurance policy and (2) "be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." The second prong cannot be met. The subject insurance policy is not included in the record, and Waterfire does not contend that the attorney's fees and costs included in the settlement agreement are within the policy's coverage. The supreme court's disapproval of *Soto* – which also involved attorney's fees arising from a settlement agreement – makes it clear that covered claims which FIGA pays must come from coverage within the policy, and not merely from a post-loss settlement agreement.

Thus, the trial court erred by determining that FIGA must pay the portion of the settlement attributable to attorney's fees. We reverse and remand for proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

LEVINE, J., and DEPRIMO, NATASHA, Associate Judge, concur.

\*       \*       \*

**Not final until disposition of timely-filed motion for rehearing.**

4