# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1003
Lower Tribunal No. 21-19038-CA-01
_____

## Florida Insurance Guaranty Association,
Appellant,

vs.

## Alfredo Ramos, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Conroy Simberg, and Hinda Klein (Hollywood), for appellant.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellees.

Before FERNANDEZ, LOGUE and GORDO, JJ.

LOGUE, J.

The Florida Insurance Guaranty Association ("FIGA") appeals the trial court's order granting Appellees Alfredo Ramos and Maria Carranza's

amended motion to enforce settlement agreement, which ordered FIGA to pay the full amount of the mediated settlement agreement reached between the Appellees and their former insurance company before the insurance company was liquidated. FIGA argues the trial court erred in requiring it to pay a portion of the mediated settlement agreement that was for attorneys' fees as this was not a part of Appellees' "covered claim" under the FIGA statutory scheme. We agree the trial court erred in requiring FIGA to pay Appellees' attorneys' fees, which are not part of the "covered claim" for which FIGA is statutorily liable. We therefore reverse the order under review and remand for entry of an order consistent with this opinion.

## BACKGROUND

Appellees sued their homeowners' insurance company, United Property & Casualty Insurance Company, and alleged it failed to pay the full amount of their claim for insurance benefits for property damage sustained as a result of Hurricane Irma in September 2017. Appellees sought their attorneys' fees under section 627.428, Florida Statutes.

A settlement was ultimately reached by the parties following mediation, and a Notice of Settlement was filed on January 31, 2023. The settlement agreement provided that the insurance company would pay Appellees

$45,000 and would separately pay their counsel $27,000, and one of their contractors $3,000.

On February 27, 2023, before it paid the settlement, the insurance company went into receivership and the case was automatically stayed for six months, through August 27, 2023. On July 20, 2023, while the automatic stay was still in effect, Appellees moved to substitute FIGA as defendant in place of the insurance company and to enforce the settlement against it. The motion was not served on FIGA and Appellees unilaterally set the motion for hearing on August 4, 2023. The trial court subsequently granted the motion on August 8, 2023. The order substituted FIGA as defendant and ordered FIGA to tender the full amount of the settlement within 30 days of "receiving proper service and notice."

FIGA was not served with the Amended Complaint until August 18, 2023. On expiration of the automatic stay, FIGA moved to strike Appellees' motion to substitute and to enforce settlement and the trial court's August 8, 2023 order granting same, arguing they were legal nullities because they were filed and entered during the automatic stay. While this motion was pending, FIGA issued payment to Appellees for the indemnity portion of the settlement, but did not pay their attorneys the $27,000 apportioned to them in the settlement for their attorneys' fees on the grounds that the fees were

3

not part of Appellees' "covered claim," as that term is defined under the statutory scheme relating to FIGA.

Appellees, in turn, filed a motion to compel compliance with the trial court's August 8, 2023 order. FIGA filed a response and argued that because the motion to amend and to enforce settlement was filed and heard during the automatic stay, FIGA was denied due process. FIGA also asserted that had it been given an opportunity to respond, it would have raised the argument that the portion of the settlement apportioned to Appellees' attorneys' for the payment of their fees was not payable by FIGA because it was not part of the "covered claim" under the statutory scheme relating to FIGA. FIGA further argued that under section 631.70, Florida Statutes (2023), it was not liable to pay an insured's attorneys' fees unless it "denie[d] by affirmative action, other than delay, a covered claim or a portion thereof." As it had never denied coverage, FIGA argued it could not be liable to pay Appellees' attorneys' fees.

In response, Appellees filed an Amended Motion to Enforce Settlement Agreement. They conceded that FIGA is generally not required to pay attorneys' fees awarded pursuant to section 627.428, but argued FIGA was obligated to comply with the terms of a pre-existing settlement agreement entered into between an insolvent insurer and an insured. Appellees argued

4

their settlement with their insurance company was "global," and since FIGA "stepped into the carrier's shoes," it was liable to pay that portion of the settlement apportioned for attorneys' fees.

Following a hearing, the trial court entered an order granting Appellees' Amended Motion to Enforce Settlement Agreement and ordering FIGA to pay the entire settlement amount. This appeal timely followed.

## ANALYSIS

Section 631.57(1)(a), Florida Statutes, provides that FIGA shall be liable for "covered claims," which is defined in section 631.54(4), Florida Statutes, in relevant part, as follows:

> "Covered claim" means an unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state. . . .

§ 631.54(4), Fla. Stat. Notably, the insurance policy at issue here did not contain an attorneys' fees provision.

In Petty v. Florida Insurance Guaranty Ass'n, 80 So. 3d 313 (Fla. 2012), the Florida Supreme Court held that the insured's statutory claim for attorneys' fees pursuant to section 627.428 was not a "covered claim" that

5

FIGA was required to pay. Id. at 317. The Court reasoned that while an insured's right to recover section 627.428 attorneys' fees is implicit in every insurance policy in Florida, this "does not mean that the insured's claim against the insurer for fees and costs is part of the policy's 'coverage.'" Id. at 316. As the Court explained:

> There is a clear difference between an obligation to pay fees that is imposed by operation of law upon a party due to its behavior under the insurance contract and an obligation imposed upon a party by an express provision for which the party contracted. Section 627.428(1) imposes the obligation to pay a fee award upon an insurer that has wrongfully contested an insured's valid claim. It does not alter the coverage provisions of the insurance contract itself.

Id. at 317.

The only exception to this would be where FIGA itself wrongfully failed to pay a covered claim, which has not been alleged here. See § 631.70, Fla. Stat. (2023) ("The provisions of s. 627.428 providing for an attorney's fee shall not be applicable to any claim presented to [FIGA] under the provisions of this part, except when [FIGA] denies by affirmative action, other than delay, a covered claim or a portion thereof.") (since repealed).

More recently, the Fourth District in Florida Insurance Guaranty Ass'n v. Waterfire Restoration, LLC, No. 4D24-1787, 2025 WL 3289830 (Fla. 4th DCA Nov. 26, 2025), reversed the trial court's order granting a motion to

6

compel a settlement agreement insofar as it required FIGA to pay the insured's assignee's attorneys' fees, which the court concluded was not permissible under the governing statutes. Id. at *1. In that case, which is nearly identical to this one, the plaintiff provided water restoration services to the insured and the insured assigned his rights under the policy to the plaintiff. The plaintiff then sued the insurer for breach of contract. The parties settled in June 2022 and the settlement agreement required the insurer to issue one check to the plaintiff for $4,000 and another check to the plaintiff's counsel for $3,000 "for attorney's fees and costs." Like what occurred here, shortly after the parties entered into the settlement agreement and release, but before payment was issued, the insurer became insolvent, a receiver was appointed, and the case was stayed.

The plaintiff subsequently moved to substitute FIGA as defendant and to enforce the settlement agreement. FIGA opposed the motion, arguing it was not statutorily obligated to pay attorneys' fees. FIGA did not, however, challenge below or on appeal the portion of the settlement attributable to the policy benefits. The trial court nevertheless granted the motion to enforce the settlement agreement.

On appeal, the Fourth District reversed relying on the Florida Supreme Court's decision in Petty. Id. at *2-3. The Fourth District reasoned that the

7

portion of the settlement challenged by FIGA stated that a check for $3,000 should be made payable to the plaintiff's attorney for attorney's fees and costs. Id. at *3. And per section 631.57(1), FIGA was only obligated to pay "covered claims," which per Petty, must "(1) arise from an insurance policy and (2) be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." Id. (internal citation and quotation marks omitted).

In that instance, as here, the insurance policy did not provide coverage for attorney's fees and costs. Thus, the Fourth District concluded the trial court erred by determining that FIGA was required to pay the portion of the settlement attributable to attorney's fees, noting Petty made clear that covered claims which FIGA pays must come from coverage within the policy, and not merely from a post-loss settlement agreement.

We reach the same conclusion here. The Appellees' complaint pled entitlement to attorneys' fees pursuant to section 627.428. The parties then entered into a settlement agreement to end the litigation. And the only legal basis for the insurance company owing Appellees attorneys' fees was section 627.428. Further, the settlement agreement expressly stated that $27,000 should be paid to Appellees' attorney for attorneys' fees and costs, which could only be read as being intended to cover Appellees' entitlement

8

to fees under section 627.428. Accordingly, the trial court erred in requiring FIGA to pay Appellees' attorneys' fees, which are not part of the "covered claim" for which FIGA is statutorily liable.

Reversed and remanded.