# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1665
Lower Tribunal No. 22-CA-001660

_____

HERMES BARBA,

Appellant,

v.

FLORIDA INSURANCE GUARANTY ASSOCIATION,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Alane Laboda, Judge.

January 23, 2026

PER CURIAM.

AFFIRMED. *See, e.g.*, *Fla. Ins. Guar. Ass'n, Inc. v. Waterfire Restoration, LLC*, 50 Fla. L. Weekly D2520b, 2025 WL 3289830, at *3 (Fla. 4th DCA Nov. 26, 2025) (holding that the Florida Supreme Court's decision in *Petty v. Florida Insurance Guarantee Association*, 80 So. 3d 313 (Fla. 2012), "makes it clear that covered claims which [the Florida Insurance Guaranty Association] pays must come from coverage within the policy, and not merely from a post-loss settlement agreement"); § 631.54(4), Fla. Stat. (2023) ("'Covered claim' means an unpaid

claim, including one of unearned premiums, *which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy* to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state." (emphasis added)); § 631.57(1)(a)4., Fla. Stat. ("The [FIGA] may not be obligated to a policyholder or claimant *in an amount in excess of the obligation of the insolvent insurer under the policy* from which the claim arises." (emphasis added)); § 631.57(1)(b), Fla. Stat. ("The [FIGA] shall . . . [b]e deemed the insurer *to the extent of its obligation on the covered claims*, and, to such extent, shall have all rights, duties, defenses, and obligations of the insolvent insurer as if the insurer had not become insolvent." (emphasis added)); *cf.* § 631.60(2), Fla. Stat. ("The receiver, liquidator, or statutory successor of an insolvent insurer shall be bound *by settlements of covered claims by the* [*FIGA*] or a similar organization in another state." (emphasis added)).

STARGEL, MIZE and PRATT, JJ., concur.


Melissa Portes Romero and Pierre A. Louis, of Louis Law Group, PLLC, Miami, for Appellant.

Amy Klotz and Hinda Klein, of Conroy Simberg, Hollywood, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

2