DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INSURANCE GUARANTY ASSOCIATION,**
Appellant,

v.

**STEVE CADET,**
Appellee.

No. 4D2024-2631

[March 18, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk Olefson, Judge; L.T. Case No. CACE21-012178.

Dwight O. Slater of Conroy Simberg, Tallahassee, and Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Christopher J. Maranges and Noemy Estevez of Maranges, PLLC, Boca Raton, for appellee.

PER CURIAM.

Florida Insurance Guaranty Association ("FIGA") appeals an order granting a motion to enforce a settlement agreement. FIGA argues that the trial court erred by ordering FIGA to pay the portion of the settlement attributable to attorneys' fees. We agree and reverse.

After a denied claim, the appellee (the "insured") sued his insurer, seeking damages and attorneys' fees pursuant to section 627.428, Florida Statutes (2021).[1] The insurer and insured eventually settled the claim, including "attorney's fees," in a mediated settlement agreement that was contingent on a release and contemplated a future "breakdown of the Settlement Amount." The release set forth the consideration as follows:

---

[1] Section 627.428(1) provided for an award of attorneys' fees where an insured obtains a judgment against an insurer and in favor of the insured under a policy issued by the insured. Section 627.428 was repealed effective March 24, 2023.

> [I]n consideration of the sum of **FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00)**, which is broken down as follows: Twenty Two Thousand Four Hundred Ninety Six and Sixty Four Cents ($22,496.64) made payable to Steve Cadet, TD Bank, and Space Coast Credit Union; **Twenty Seven Thousand Five Hundred Three Dollars and Thirty Six Cents ($27,503.36)** made payable to Maranges, PLLC, Trust Account, which includes attorneys' fees and costs, and other good and valuable consideration.

Prior to the settlement amount being paid, the insurer was placed in receivership and FIGA eventually was substituted as the defendant in the case. The insured moved to enforce the settlement agreement against FIGA. FIGA opposed paying the portion attributable to attorneys' fees, arguing that it was not statutorily obligated to pay attorneys' fees. The trial court granted the insured's motion.

This appeal follows. Our review is de novo. *See Fla. Ins. Guar. Ass'n v. Waterfire Restoration, LLC*, No. 4D2024-1787, 2025 WL 3289830, at *1 (Fla. 4th DCA Nov. 26, 2025).

"FIGA is a statutorily created non-profit corporation whose purpose is to guarantee 'covered claims' of insurers who have been declared insolvent. §§ 631.50–70, Fla. Stat. (2011)." *Id.* (quoting *Fla. Ins. Guar. Ass'n v. Mendoza*, 193 So. 3d 940, 943 (Fla. 3d DCA 2016)). In relevant part, a covered claim is "an unpaid claim . . . which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies . . . if such insurer becomes an insolvent insurer . . . ." § 631.54(4), Fla. Stat. (2021). Accordingly, "a covered claim must meet two distinct requirements: (1) it must arise, or originate, from an insurance policy and (2) it must be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." *Petty v. Fla. Ins. Guar. Ass'n*, 80 So. 3d 313, 316 (Fla. 2012). Covered claims do not include attorneys' fees awarded pursuant to section 627.428, with a limited exception not applicable here. *See id.* at 315; § 631.70, Fla. Stat. (2021).[2]

The case at bar is governed by *Waterfire Restoration*, a case with facts quite similar to those at hand. There, an insurer went into receivership

---

[2] Although inapplicable to the case at hand, FIGA may be required to pay attorneys' fees pursuant to section 627.428 where it "denies by affirmative action, other than delay, a covered claim or a portion thereof." § 631.70, Fla. Stat. (2021). Section 631.70 was repealed effective March 24, 2023.

after entering into a settlement agreement with an assignee of the insured but before paying the settlement amount. 2025 WL 3289830 at \*1. We held that FIGA could not be compelled to pay a portion of the settlement attributable to "attorney's fees and costs" because the assignee did not demonstrate the second *Petty* prong, that the attorneys' fees were within the policy's coverage. *Id.* at \*3; *see also Fla. Ins. Guar. Ass'n v. Ramos*, No. 3D24-1003, 2026 WL 98220, at \*3 (Fla. 3d DCA Jan. 14, 2026) (rejecting argument that settlement amount was "global" and explaining that settlement agreement's provision for payment to counsel for attorneys' fees and costs "could only be read as being intended to cover Appellees' entitlement to fees under section 627.428").

Likewise, here, FIGA cannot be compelled to pay the portion of the settlement amount attributable to "attorneys' fees and costs, and other good and valuable consideration" because the insured has not demonstrated that it was included within the risks taken and losses protected against in the subject insurance policy. Thus, the insured's attorneys' fees claim does not fall within the statutory definition of a covered claim.

The trial court erred by ordering FIGA to pay this amount. We reverse and remand for proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS, CIKLIN and LOTT, JJ., concur.

*     *     *

**_Not final until disposition of timely-filed motion for rehearing._**

3