DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INSURANCE GUARANTY ASSOCIATION,**
Appellant,

v.

**DAVID HINTZ** and **JUDITH L. HINTZ,**
Appellees.

No. 4D2025-0204

[June 17, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. 062021CA013493AXXXCE.

Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Gil Kochavi and Terry Watson of HL Law Group, P.A., Fort Lauderdale, for appellees.

MAY, J.

It's all about the attorney's fees in this appeal from a final judgment for the insureds. The Florida Insurance Guaranty Association ("FIGA") argues the trial court erred in mandating that it pay $10,507.90 to the insureds' law firm as part of a negotiated settlement between the insureds and its insolvent insurer. We agree and reverse.

- *The Facts*

The insureds filed an action for a declaratory judgment against their insurer, alleging that Hurricane Irma caused damage to their roof, resulting in a covered loss in 2017. Their insurer denied the claim, indicating the damage was caused by a lack of maintenance, wear and tear, and was thus not covered. The insureds' amended complaint alleged a breach of contract claim against the insurer and a request for attorney's fees pursuant to sections 627.428 or 626.9373, Florida Statutes (2022).

Prior to the scheduled trial, the parties settled the case. The settlement communications provided for the insurer to pay a total of $30,000, with two checks. One check was to be issued for $19,492.10, and made payable to the insureds "[i]ndividually, Choice Mortgage, Double G Construction Corp. **and HL Law Group, PA** and any other applicable lienholder(s)/mortgage company(s)." (Emphasis added). The second check, in the amount of $10,507.90, was to be made payable only to the insureds' attorneys. In exchange, the insureds agreed to sign a release of "any and all causes of action, suits, claims for loss and demands of any kind," **including "attorney's fees**." (Emphasis added).

The insurer then became insolvent. FIGA was substituted as the insurer's guarantor. The second amended complaint filed against FIGA sought attorney's fees under section 627.70152, Florida Statutes (2022). FIGA paid $19,492.10 but refused to pay the law firm the additional $10,507.90.

The insureds moved to enforce the settlement agreement, specifically the second payment of $10,507.90 to be made payable to the insureds' attorneys. FIGA responded that it was not responsible for the settlement amount dedicated to the insureds' attorney's fees. FIGA argued attorney's fees were not part of the "covered claim" statutorily mandated to be paid by FIGA.

After hearing argument, the trial court granted the motion to enforce the settlement. The order mandated that FIGA "pay the remaining $10,000.00 pursuant to the settlement agreement . . . ."[1]

- ***The Analysis***

FIGA raises a single argument on appeal: under the Florida Insurance Guaranty Association Act ("the Act"), FIGA is not responsible to pay the $10,507.90 portion of the settlement because that amount was for attorney's fees. The Act established FIGA's *limited* obligations as the insurer's guarantor for a "covered claim" which "arises out of, and [is] within the coverage." Here, FIGA argues the settlement agreement

---

[1] The original order granting the insureds' motion indicated the settlement "did not specify any breakdown or [sic] any sort." FIGA moved to amend the order to omit this language. The trial court granted the motion and omitted the reference any lack of a breakdown in an order dated December 25, 2024. That order still required FIGA to pay the remaining $10,000. The actual amount owed was $10,507.90.

included payment for attorney's fees, as demonstrated by the separate check for $10,507.90 made payable to "The HL Law Group, PA."

FIGA acknowledges that the insureds were statutorily entitled to attorney's fees against their insurer in the underlying litigation. However, as the insurer's guarantor, FIGA argues it is not liable for those fees. Based on our supreme court's decision in *Petty v. Florida Insurance Guaranty Ass'n*, 80 So. 3d 313 (Fla. 2012), FIGA argues the attorney's fees aspect of the settlement is not part of a "covered claim."

The insureds respond that FIGA was statutorily obligated to pay the insurer's covered claims and obligations. As the insurer's statutory guarantor, FIGA cannot simply refuse to honor the insurer's prior settlement agreement. The insureds suggest the settlement communications did not expressly indicate the $10,507.90 check was for attorney's fees.

The insureds argue that FIGA cannot use extrinsic evidence to supply missing terms that do not exist within the four corners of the settlement agreement. Because no attorney's fees were awarded by the trial court under section 627.428, FIGA cannot establish that the $10,507.90 was for attorney's fees. Finally, the insureds suggest that FIGA's challenge is unpreserved.[2]

"[S]ettlement agreements are interpreted like a contract and reviewed de novo." *Marlin Yacht Mfg., Inc. v. Nichols*, 254 So. 3d 1022, 1024 (Fla. 4th DCA 2018) (citing *Barone v. Rogers*, 930 So. 2d 761, 764 (Fla. 4th DCA 2006)).

Section 631.57(1)(a), Florida Statutes (2022), provides for FIGA to be "obligated to the extent of the **covered claims** existing" against an insolvent insurer before the insurer is declared insolvent. § 631.57(1)(a), Fla. Stat. (2022) (emphasis added). Section 631.54, Florida Statutes (2022), defines "covered claim" as:

> an unpaid claim, including one of unearned premiums, which **arises out of, and is within the coverage**, and not in excess of, the applicable limits of an insurance policy to which this part applies, **issued by an insurer**, if such insurer becomes an insolvent insurer . . . .

---

[2] We find no merit in the insureds' suggestion that FIGA failed to preserve its argument.

3

§ 631.54(4), Fla. Stat. (2022) (emphasis added).

Section 627.428 provides attorney's fees for insureds who obtain a judgment against their insurer. § 627.428, Fla. Stat. (2016) (repealed March 23, 2023). In *Petty*, our supreme court held a statutory fee award under section 627.428 was not "a covered claim," and FIGA was not required to pay those fees. 80 So. 3d at 315.

The supreme court opined that a "covered claim" has two separate requirements: first, "it must arise, or originate, from an insurance policy;" and second, "it must be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." *Id.* at 316. The supreme court concluded the attorney's fees claim did not meet the second requirement. *Id.* at 316—17.

We reversed an order enforcing a similar settlement agreement in *Florida Insurance Guaranty Ass'n v. Waterfire Restoration, LLC*, 427 So. 3d 996, 997 (Fla. 4th DCA 2025). There, the settlement agreement provided for $4,000 to be paid to the plaintiff and $3,000 to be paid to counsel "for attorney's fees and costs." *Id.* We opined that FIGA "does not simply step[] into the shoes of the insolvent insurer and is not obligated to the same extent as that insurer would be." *Id.* (quoting *Alessio ex rel. Estate of Garza v. Fla. Ins. Guar. Ass'n*, 91 So. 3d 910, 913 (Fla. 2d DCA 2012)) (citation modified). Under *Petty*, FIGA was not responsible for the attorney's fees amount.

In *Florida Insurance Guaranty Ass'n v. Cadet*, 431 So. 3d 276 (Fla. 4th DCA 2026), we again reversed an order compelling FIGA to pay attorney's fees from a settlement agreement. There, the release and settlement agreement called for $27,503.36 to be "made payable to Maranges, PLLC, Trust Account, which includes attorneys' fees and costs . . . ." *Id.* at 277. We held that FIGA "cannot be compelled to pay the [attorney's fees] portion of the settlement . . . because the insured has not demonstrated that it was included within the risks taken and losses protected against in the subject insurance policy." *Id.* at 278.

Our facts are slightly different but nonetheless compel the same result. Here, the settlement agreement provided for two checks, with one check made payable to the insureds' law firm only. The agreement did not state what the money was for. However, the insureds' complaint requested attorney's fees under section 627.428. And the release expressly stated that the insureds would release "any and all causes of action, suits, claims for loss and demands of any kind," **including "attorney's fees**."

4

(emphasis added).  Thus, the settlement agreement contemplated that the attorneys would be paid from the settlement funds.  We cannot conceive of any other explanation for the separate check to the law firm, nor have the insureds provided an explanation other than the obvious—the separate check was for attorney's fees.

For this reason, we reverse the order compelling FIGA to pay the remaining $10,000.

*Reversed.*

GROSS and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***